HONORABLE FRANKLIN D. BURGESS

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

ANTOINE D. JOHNSON, M.D.,

Plaintiff,

vs.

GRAYS HARBOR COMMUNITY
HOSPITAL, Grays Harbor Community
Hospital Medical Staff, Grays Harbor
Community Hospital Governing Board, Ki
Shin, MD, Tim Troeh, MD, Brent Rowe, MD,
Gregory May, MD, Daniel Canfield, MD,
Robin Francisovich, MD, Thomas J.
Hightower, Shelly Duber, MD and Does 1
through 50 inclusive,

Defendants.

NO. C06-5502-FDB

**MOTION TO APPOINT
SPECIAL MASTER TO
OVERSEE DISCOVERY**

**Friday, May 11, 2007**

## I.   RELIEF REQUESTED

COME NOW DEFENDANTS GRAYS HARBOR COMMUNITY HOSPITAL (GHCH),
BRENT ROWE, MD, AND THOMAS J. HIGHTOWER and seek necessary and appropriate relief from
Plaintiff's clever, willful, and non-cooperative conduct which is obstructing and making a mockery out
of legitimate discovery efforts.  Court oversight is truly needed.  Expedited procedures for compelling
discovery under CR 37(a)(2)(B) will not work because of a lack of cooperation of Plaintiff, and
foreseeably recurring motions to compel would unnecessarily tie up Court time.  Accordingly,

MOTION TO APPOINT SPECIAL MASTER TO OVERSEE
DISCOVERY - 1

063800 000026\/#154235

**REED McCLURE**
ATTORNEYS AT LAW
TWO UNION SQUARE
601 UNION STREET, SUITE 1500
SEATTLE, WASHINGTON  98101-1363
(206) 292-4900  FAX (206) 223-0152

1    **THESE DEFENDANTS HEREBY MOVE** pursuant to Rule 53, Fed. Rules of Civil

2    Procedure, **for APPOINTMENT OF A SPECIAL MASTER TO OVERSEE AND ENFORCE**

3    **THE RULES OF DISCOVERY**, fees and costs to be shared two-thirds by defendants, collectively,

4    and one-third by Plaintiff, or other equitable division, to have the following authority:

5    1.    To enforce the letter and spirit of Rule 26 providing for orderly requests for and responses

6    to discovery, as well as to encourage the parties' mutual cooperation in attempts to resolve

7    differences on individual discovery matters;

8    2.    To rule upon objections to discovery which are timely and properly asserted;

9    3.    To provide for expedited means to enforce compliance with appropriate discovery requests,

10   including issuing orders compelling discovery and imposing monetary and other sanction for

11   obstructive and/or evasive discovery practices;

12   4.    To attend depositions upon notice and reasonable request of a party upon a showing of

13   good cause that the Special Master should be in attendance to further the interests of full discovery;

14   5.    To make recommendations to the Court to strike claims and/or pleadings for failure to

15   comply with orders of the Special Master; and

16   6.    To take such further action as reasonable and necessary to promote a reasonable and

17   complete pre-trial discovery process.

18                              **II. BACKGROUND**

19         Full discovery disclosure is extremely necessary to reveal the true situation in this case in

20   which the positions of Plaintiff and the defendants are completely at polar opposites. To date in this

21   matter, these defendants have requested, conferred, cajoled, and attempted alternative means to

22   obtain the objects of their discovery into Plaintiff's claims, all in a good faith attempt to gain

23   discovery disclosures from Plaintiff without having to seek Court action. Those efforts have failed

24   miserably. <u>See</u>, Declaration of Sherry H. Rogers in Support of Motion.

25

MOTION TO APPOINT SPECIAL MASTER TO OVERSEE
DISCOVERY - 2

063800 000026\#154235

**REED McCLURE**
A T T O R N E Y S   A T   L A W
TWO UNION SQUARE
601 UNION STREET, SUITE 1500
SEATTLE, WASHINGTON 98101-1363
(206) 292-4900  FAX (206) 223-0152

Plaintiff, who is proceeding *Pro Se*, with the quite obvious oversight and participating encouragement of his mother, LaWanda Johnson, has resorted to delays, gamesmanship, misstatements if not mistruths, and just plain obstructionism.  They are not truly novices in judicial matters.  Plaintiff, with the help of his mother, pursued a Fair Hearing Arbitration and follow-up appellate hearing with Molina Healthcare, who had cancelled Plaintiff's preferred provider status.  One of Molina's grounds for canceling Plaintiff's preferred provider status was his failure to maintain privileges at least one participating provider hospital, such as GHCH.  It is troubling that Plaintiff and his mother have a history a lack of candor toward tribunals, as evidenced by the following findings of the Hon. Gordon L. Godfrey, Judge of the Superior Court for Washington for Grays Harbor County, who stated in his letter opinion of October 19, 2004, in Grays Harbor Cause No. 03-3-00481-2 regarding representations to the court by Plaintiff and his mother:

> *The aspersions, innuendo, and outright claims range from the most vile and vituperative to the incredulous, spurious, and at times bordering on outright fraudulent*

Judge Godfrey's full written opinion is Exhibit 4 to the Declaration of Sherry H. Rogers.  The lawsuit before Judge Godfrey is pertinent beyond Plaintiff's lack of candor because the underlying events and proceedings occurred concurrently with Plaintiff's lapses in patient care and patient endangerment at GHCH.

The real genesis of this lawsuit was Plaintiff's breach of quality of care standards and protocols at GHCH.  In fall 2001, Plaintiff, who was relatively new to medical practice, joined the Medical Staff at GHCH on a 1-year initial appointment to the provisional staff.  He performed well his first year and became a member of the Active Staff on a 2-year appointment, effective November 2002.  At that time, Plaintiff's medical practice was primarily centered at the Broadway Clinic in Aberdeen.   Then things changed!   In 2003, Plaintiff became involved in severe, disturbing,

MOTION TO APPOINT SPECIAL MASTER TO OVERSEE
DISCOVERY - 3

063800 000026\#154235

**REED McCLURE**
A T T O R N E Y S   A T   L A W
TWO UNION SQUARE
601 UNION STREET, SUITE 1500
SEATTLE, WASHINGTON 98101-1363
(206) 292-4900 FAX (206) 223-0152

1  disruptive domestic disputes that resulted in the proceedings before Judge Godfrey.  Plaintiff then

2  moved the primary focus of his medical practice away from Aberdeen when he opened Johnson

3  Family Practice clinics in Tacoma and Lakewood.  This change, understandably, markedly diverted

4  Plaintiff from continual close attention to his patients in Aberdeen.  It followed that concerns arose

5  at over Plaintiff's care for patients at GHCH.  In September 2004, Plaintiff was summarily

6  suspended from the GHCH Medical Staff for quality of care problems, <u>including patient</u>

7  <u>abandonment</u>.  Of course, Plaintiff disputed this and asserted inconsistencies and untruths in

8  response.  Indeed, Plaintiff and his mother have drastically redefined and made trivial patient

9  abandonment by labeling it "*Snooze or Lose*."  As Plaintiff's mother, LaWanda Johnson, testified at

10  the Molina Fair Hearing:

11

12      *Suspended.  He had never – Well, okay.  I had a question about that, because they get*
       *these little things, **snooze or lose**.  You know, when you're doctors, you have to sign off*
13      *on your charts, and if you're a little bit tardy, you get a "**snooze or lose**."* [Emphasis
       added.]
14

15  <u>See</u>, Exhibit 3 to Declaration of Sherry H. Rogers.

16      Nevertheless, Plaintiff was offered reinstatement subject to completing medical charts and

17  temporary monitoring of his patient care.  In addition, he was encouraged to submit his application

18  for renewal of privileges for 2-years.      Apparently believing he no longer needed or wanted

19  privileges at GHCH, Plaintiff did not file his application for renewal, and he let his privileges lapse.

20  He did not/could not attain privileges elsewhere, except temporary privileges in Pacific County.  In

21  December 2005, Plaintiff sought to start over again at GHCH and submitted an application for initial

22  appointment to the provisional staff of GHCH.  This application was inaccurate and incomplete.

23  

24  Further, Plaintiff then had a Department of Health action pending against his medical license.

25

MOTION TO APPOINT SPECIAL MASTER TO OVERSEE
DISCOVERY - 4

063800 000026\#154235

REED McCLURE
A T T O R N E Y S   A T   L A W
TWO UNION SQUARE
601 UNION STREET, SUITE 1500
SEATTLE, WASHINGTON 98101-1363
(206) 292-4900  FAX (206) 223-0152

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Finally, one of Plaintiff's peer references refused to vouch for him.  Plaintiff's application was appropriately rejected.  Plaintiff commenced this action after losing the Fair Hearing Arbitration and appeal with Molina, who had canceled Plaintiff's preferred provider status for his failure to maintain privileges at least one participating provider hospital.  Plaintiff claims all of his medical staff problems were the result of racial discrimination, deprivation of civil rights and other faults of the hospital and its physicians.

### III. OBSTRUCTION OF DISCOVERY

On January 8, 2007, these defendants duly served upon Plaintiff written interrogatories and, separately, requests for production of documents, all in accordance with Rules 26, 33 and 34, Fed. Rules of Civil Procedure.  Although he was granted additional time to respond, as requested, Plaintiff ended up providing for the most part curt and inappropriate objections.  He signed generally only but did not appear to comply with Rule 26(g)(2) to signify a certification that to the best of his knowledge that the objections were consistent with law, not interposed for improper purpose, and not unreasonable.  Plaintiff's failure to make discovery impaired the scope and integrity of the Joint Status Report and Discovery Plan.   These defendants have attempted to confer and obtain full disclosure in response to the written discovery without Court action.   Please refer to the Declaration of Sherry H. Rogers and its attached exhibits in support of this motion.   There have been informal requests to Plaintiff to make discovery, an agreed telephone discovery conference on March 21, 2007, a blocked subpoena to Plaintiff's Broadway Clinic, and just plain double talk, misstatements, and delays.  There is no reasonable prospect that Plaintiff will voluntarily comply with outstanding discovery requests.

MOTION TO APPOINT SPECIAL MASTER TO OVERSEE
DISCOVERY - 5

063800 000026\#154235

REED McCLURE
A T T O R N E Y S   A T   L A W
TWO UNION SQUARE
601 UNION STREET, SUITE 1500
SEATTLE  WASHINGTON  98101-1363
(206) 292-4900  FAX (206) 223-0152

1    Realistically, a Special Master is also needed to guide and oversee some of Plaintiff's
2    discovery efforts.  He has unwittingly requested quality assurance documents and personal files on
3    other physicians statutorily precluded from discovery and admission into evidence under RCW
4    70.41.200.  He is pursuing determined but spurious efforts to try to show GHCH was a "Public
5    Hospital," while in fact it is a private non-profit facility.  His efforts obviously are an attempt to
6    show "state action" which is necessary to sustain many of the claims in his complaint.  Finally,
7    Plaintiff has resorted to gamesmanship in submitting new written discovery to some defendants that
8    was essentially copied from the discovery to Plaintiff to which he had objected.  Clever!
9
10   In conclusion, all parties and the Court will be well served by the appointment of a Special
11   Master to oversee and control pretrial discovery.  Although he is proceeding *pro se,* Plaintiff is
12   bound to comply with the letter and spirit of the Federal Rules of Civil Procedure.  Likewise, these
13   defendants should not be hampered in their legitimate discovery efforts by Plaintiff's obstructive
14   tactics.
15
16   Respectfully submitted this 25 day of April 2007.

                                   REED McCLURE
17
18
19                                 By _Sherry Rogers_
20                                    Sherry H. Rogers, WSBA #16844
                                      Attorneys for Defendants Grays Harbor Community
21                                    Hospital, Brent Rowe, MD, and Thomas Hightower
22
23
24
25

MOTION TO APPOINT SPECIAL MASTER TO OVERSEE
DISCOVERY - 6

063800 000026\#154235

REED McCLURE
ATTORNEYS AT LAW
TWO UNION SQUARE
601 UNION STREET, SUITE 1500
SEATTLE  WASHINGTON  98101-1363
(206) 292-4900  FAX (206) 223-0152