HONORABLE FRANKLIN D. BURGESS

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

ANTOINE D. JOHNSON, M.D.,

    Plaintiff,

    vs.

GRAYS HARBOR COMMUNITY
HOSPITAL, Grays Harbor Community
Hospital Medical Staff, Grays Harbor
Community Hospital Governing Board, Ki
Shin, MD, Tim Troeh, MD, Brent Rowe, MD,
Gregory May, MD, Daniel Canfield, MD,
Robin Francisovich, MD, Thomas J.
Hightower, Shelly Duber, MD and Does 1
through 50 inclusive,

    Defendants.

NO. C06-5502-FDB

**DECLARATION OF
SHERRY H. ROGERS IN
SUPPORT OF MOTION TO
APPOINT SPECIAL MASTER
FOR PRETRIAL DISCOVERY**

SHERRY H. ROGERS HEREBY DECLARES:

1.    DECLARANT is an attorney at law with the Reed McClure Law firm and represents in this matter Grays Harbor Community Hospital (GHCH), Brent Rowe, MD, and Thomas J. Hightower. She is competent to testify and makes this Declaration upon personal knowledge in support of the Motion on Plaintiff's Failure to Make Discovery.

2.    Declarant hereby states that she has conferred and corresponded with Plaintiff, in an attempt to obtain pre-trial discovery disclosures from Plaintiff without Court action. This has, indeed, been a very frustrating, disappointing, and largely fruitless endeavor. At each step of the way, Declarant

DECLARATION OF SHERRY H. ROGERS IN SUPPORT OF MOTION
TO APPOINT SPECIAL MASTER FOR PRETRIAL DISCOVERY - 1

063800 000026/#154243

**REED McCLURE**
ATTORNEYS AT LAW
TWO UNION SQUARE
601 UNION STREET, SUITE 1500
SEATTLE, WASHINGTON 98101-1363
(206) 292-4900 FAX (206) 223-0152

1   has encountered delays, platitudes, misstatements, inconsistent positions, and pure gamesmanship

2   from Plaintiff, who essentially has obstructed necessary pre-trial discovery. The rights and interests

3   of Declarant's clients are severely at risk unless and until the Court intervenes to require discovery

4   to proceed forward.

5   3.      Attached as Exhibit 1 is a true copy of interrogatories to Plaintiff and his answers which

6   were mostly inappropriate objections.    Attached as Exhibit 2 is a true copy of requests for

7   production to Plaintiff and his responses and inappropriate objections.

8   a.      In framing written discovery to Plaintiff on behalf of GHCH, Dr. Rowe, and Mr. Hightower,

9   defendants GHCH, Rowe and Hightower attempted to take at face value the allegations in Plaintiff's

10  very lengthy complaint, even though most of the allegations seemed at extreme odds with reality.

11  In case we were missing something, we sought to discover the factual, legal and documentary basis

12  of Plaintiff's claims. We were mindful of the scope of discovery under Rule 26(b)(1), Fed. Rules of

13  Civil Procedure, permitting discovery into non-privileged matters relevant to Plaintiff's claims

14  and/or that could reasonably lead to relevant matters. We sought factual narratives of the basis for

15  his claims, not just the words and phrases he lashed out with. We sought the identity of experts and

16  he responded that he had none and would have none for trial. We will hold Plaintiff to that position.

17  b.      Since the privileging and credentialing processes at GHCH were challenged by Plaintiff, we

18  sought documents concerning other facilities where Plaintiff had gone through these processes. We

19  sought to discover whether he had undergone medical staff sanctions at another facility, as he had at

20  GHCH. Plaintiff had been very vague and deceptive in describing the Department of Health's

21  challenge to his medical license when he applied a second time in December 2005 for an initial

22  appointment to the provisional staff. Accordingly, we sought information on the claims by the

23  Department of Health.

24  c.      We were aware Plaintiff had lost his provider status with Molina Healthcare, so we sought

25  generally information on all insurers and payors for which Plaintiff had been a preferred provider.

DECLARATION OF SHERRY H. ROGERS IN SUPPORT OF MOTION
TO APPOINT SPECIAL MASTER FOR PRETRIAL DISCOVERY - 2

063800 000026\#154243

REED McCLURE
A T T O R N E Y S   A T   L A W
TWO UNION SQUARE
601 UNION STREET, SUITE 1500
SEATTLE  WASHINGTON 98101-1363
(206) 292-4900  FAX (206) 223-0152

1   Attached as Exhibit 3 is the cover sheet and page 32 of the transcript of the Fair Hearing in which

2   Plaintiff's mother mischaracterizes patient abandonment as "*snooze or lose.*"

3       d.    It became apparent that serious failures in Plaintiff's patient care at GHCH in Aberdeen

4   developed when Plaintiff opened new clinics in Tacoma and Lakewood.  Accordingly, defendants

5   sought documents pertaining to the schedules, books of account, taxes and operations of Plaintiff's

6   Broadway Clinic in Aberdeen and Johnson Family Practice in Tacoma and Lakewood.  <u>We have not</u>

7   <u>sought and do not seek patient names and  patient information that are confidential under state and</u>

8   <u>federal laws.</u>  Those clinic records also were relevant to challenging Plaintiff's damage claims that

9   he was entitled to millions of dollars in damages.   Judge Godfrey's opinion in <u>Jennifer Johnson v.</u>

10  <u>Antoine Johnson</u>, Grays HarborCause No. 03-3-00481-2, attached as Exhibit 4, reveals Plaintiff's

11  efforts to hide his finances to another tribunal:

12      *Dr. Johnson initially stated (doc. # 12 in the court file) that his total gross monthly*
        *income was $26,750 for an annual gross income in excess of $300,000. He stated*
13      *that following his deductions for income taxes, FICA, and normal business expenses*
        *he was left with only a monthly net income of $500 per month for a total income of*
14      *$6,000 yearly.  The issue of the income Dr. Johnson is one of great question and*
        *curiosity and the answers are quite suspect.  Despite has assertions initially that his*
15      *net monthly income was $500 per month, subsequent evidence and testimony*
        *indicates that the IRS has found that some of Dr. Johnson's business expenses have*
16      *been invalidated as business expenses.  Despite the protestations of poverty, this*
17      *licensed practicing physician has been able to attend medical conferences in*
        *Scotland, San Diego, Yellowstone, and the San Juan Islands pending this litigation.*
18      *At these conferences he has been accompanied at times by his children and his*
        *mother.  If, as indicated, and promulgated by Dr. Johnson that he is penniless it is*
19      *hard for this court to understand whey it would be necessary to take his mother and*
        *his children on said trips.  There have been made claims that Dr. Johnson's mother*
20      *has paid for portions of these trips yet there has been no evidence other than Dr*
21      *Johnson and/or his mother to substantiate these claims.  Dr. Johnson claims to be*
        *incapable owning a motor vehicle and that he must use his mother's ...*
22

23  4.  In an effort to resolve discovery issues, a telephone discovery conference was held on March 21,

24  2007, that included Plaintiff, counsel for co-defendants other than Dr. Shin, and the Declarant. The

25  letter of March 13, 2007, scheduling this is Exhibit 5.  That was a frustrating, non-productive

DECLARATION OF SHERRY H. ROGERS IN SUPPORT OF MOTION
TO APPOINT SPECIAL MASTER FOR PRETRIAL DISCOVERY - 3

063800 000026\#154243

REED McCLURE
A T T O R N E Y S   A T   L A W
TWO UNION SQUARE
601 UNION STREET, SUITE 1500
SEATTLE, WASHINGTON 98101-1363
(206) 292-4900  FAX (206) 223-0152

1    session.  In the conference, Plaintiff rambled on and on, took several inconsistent positions, and, in

2    reality, offered to produce only a few of the many requested records on March 29, 2007.  With

3    respect to the Broadway Clinic and Johnson Family Practice, of which Plaintiff is sole owner and

4    registered agent, he repeatedly said "*You will have to ask the company.*"

5    5.      To attempt to avoid court action and utilize other means of discovery, Declarant noted a

6    deposition of the records custodian of the Broadway Clinic and served a subpoena, a copy of which

7    is Exhibit 6.  Plaintiff and his mother hurriedly prepared Minutes of Board of Directors Broadway

8    Clinic, Inc., 26 March 2007, providing that Broadway Clinic would not provide the requested

9    documents.  The "Minutes" are attached as Exhibit 7.    On March 28, 2007, Plaintiff served an

10   objection to the subpoena, attached as Exhibit 8.  Nevertheless, the parties did seemingly come to an

11   understanding that Plaintiff would provide some documents for inspection and copying – to what

12   extent the Declarant could not say until the time of the actual disclosures -- that did not occur.  The

13   prospect of progress was met with excuses and delays by Plaintiff.  See, Exhibit 9, which is

14   Declarant's letter of April 9, 2007, trying to follow through on representations that Plaintiff might

15   really make discovery disclosures.

16   6.      The latest input from Plaintiff was a telephone call to him on April 11, 2007, by my

17   paralegal to confirm dates listed in Exhibit 9, the letter of April 9.  Plaintiff advised that he was in

18   the process of preparing new requests for production for Dr. Rowe and also for some of the co-

19   defendants.  He indicated the requests were the same as we had   propounded to him and to which

20   he objected.  Troubling was Plaintiff's assertion that he will not disclose any records until such time

21   as there is a one-time "exchange" for records between the parties.

22   7.      Declarant's clients have responded thoroughly to Plaintiff's lengthy, awkward and largely

23   obtuse interrogatories and requests for production.  We did object pursuant to RCW 70.41.200 to

24   statutorily protected quality assurance documents and to confidential files on individual physicians.

25   We have made documents available to Plaintiff for inspection and copying at a time to be mutually

DECLARATION OF SHERRY H. ROGERS IN SUPPORT OF MOTION
TO APPOINT SPECIAL MASTER FOR PRETRIAL DISCOVERY - 4

063800 000026/#154243

REED McCLURE
ATTORNEYS AT LAW
TWO UNION SQUARE
601 UNION STREET, SUITE 1500
SEATTLE, WASHINGTON 98101-1363
(206) 292-4900  FAX (206) 223-0152

1    arranged, but, curiously, Plaintiff has not seen fit to arrange to inspect the documents.  Further, in

2    the March 21, 2007, discovery conference, an apparent compromise was reached on Plaintiff's

3    requests for names of other physicians being suspended or sanctioned, that compromise being the

4    providing of numbers or percentages of physicians involved, absent names and addresses.

5    Declarant is in the process of working with GHCH administration to gather the information.  This

6    involves considerable time and expense, and Declarant intends to provide Plaintiff with the

7    requested information in the near future.    The relevancy of that information will be dubious,

8    however, because Plaintiff seems to have been unique.  It was not "*snooze or lose,*" Plaintiff was

9    alone in abandoning patients.   Declarant also is in the process of preparing responses to Plaintiff's

10   second sets of interrogatories and requests for production.

11   8.      Plaintiff has a narrow, crafty, obstructive mindset in defeating legitimate discovery efforts.

12   At this point in this lawsuit, Plaintiff has revealed almost nothing with respect to what defendants

13   have sought through discovery.  On behalf of my clients, there has been a tremendous waste of time

14   and large sums for fees to get to this point of nowhere.  Based on developments to date, there is no

15   prospect that Plaintiff will comply with the discovery disclosure duties required of him without

16   oversight and control of discovery by a Special Master.  Having a Special Master for discovery is a

17   good and efficient alternative to burdening the Court with ongoing discovery disputes.

18        The undersigned, Sherry H. Rogers, swears that the foregoing is true and accurate, under

19   penalty of perjury of the laws of the State of Washington.

20

21                                    Dated this 25th day of April, 2007.

22

23                                    Sherry H. Rogers        WSBA # 16844

24

25

DECLARATION OF SHERRY H. ROGERS IN SUPPORT OF MOTION
TO APPOINT SPECIAL MASTER FOR PRETRIAL DISCOVERY - 5

063800 000026\#154243

**REED McCLURE**
ATTORNEYS AT LAW
TWO UNION SQUARE
601 UNION STREET, SUITE 1500
SEATTLE, WASHINGTON 98101-1363
(206) 292-4900 FAX (206) 223-0152

THE HON. FRANKLIN D. BURGESS

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**at TACOMA**

ANTOINE D. JOHNSON, MD )
 )
    Plaintiff, ) Case No.:  C06-5502FDB
 )
    vs. )
 ) **INTERROGATORIES TO PLAINTIFF**
GRAYS HARBOR COMMUNITY ) **ANTOINE D. JOHNSON, M.D. AND**
HOSPITAL,  Grays Harbor Community ) **ANSWERS THERETO**
Hospital Medical Staff, Grays Harbor )
Community Hospital Governing Board, Ki )
Shin, MD, Tim Troeh, MD, Brent Rowe, MD, )
Gregory May, MD, Daniel Canfield, MD, )
Robin Franciscovich, MD, Thomas J. )
Hightower, Shelly Duber, MD and Does 1 )
through 50 inclusive, )
 )
    Defendants )
 )
 )
 )
 )
 )

---

PLAINTIFF, ANTOINE D. JOHNSON, M.D., IN PRO PER, provides the following answers

and objections to Defendants' Interrogatories

PLNTIFF  ANS TO INTERROGATORIES      - 1          ANTOINE D. JOHNSON, Pro se
                                                      P.O. BOX 149
                                             Aberdeen, WA 98520
                                         Ph. (360)500-9070

Exhibit 1

**INTERROGATORY NO. 1:** PERSONS WITH KNOWLEDGE: State the name, last known address, and telephone number for each and every person with knowledge of the facts and circumstances underlying the allegations in Plaintiff's Verified Complaint for Damages.

**ANSWER:** THE FOLLOWING are the names of each and every person with knowledge of the facts and circumstances underlying the allegations in Plaintiff's Verified Complaint for Damages:

Tim Troeh, MD, Brent Rowe, MD, Gregory May, MD, Daniel Canfield, MD, Robin Franciscovich, MD, Thomas J. Hightower, Shelly Duber, MD, William Kilgore, MD, John Bausher, MD, David Jester, DO, Dirk Sypherd, MD, Robert McCauley, MD, Wayne Bonlie, MD, Tammi Garrow, Mike Melville, Larry Nelson, Sharon Schermer, Mike Sweeney, Dan Peterson, Neal Schanbeck, Ron Strabbing, Judy Ekman, David Monsen, Ralph Morris, MD, Bruce Worth, MD, Pamela Sanchez, Tom Troy, Tim Williams, Sue Vance, Catherine Wright who can be reached at:

> 915 Anderson Drive
> Aberdeen, WA, (98520).

Ki Shin, MD who can be reached through:

> KINGMAN, PEABODY, FITZHARRIS & RINGER, P.S.
> 505 MADISON STREET, SUITE 300
> Seattle, WA (98104)

Antoine D. Johnson, MD, LaWanda A. Johnson, Ph.D who can be reached at:

> P.O. Box #149
> Aberdeen, Wa (98520)

**INTERROGATORY NO. 2:** DOCUMENTS SUPPORTING CLAIMS: List each and every document, whether or not in custody of plaintiff, which supports or relates to the facts and circumstances underlying the allegations in Plaintiff's Verified Complaint for Damages, providing for each such document its author, date prepared, a brief description of its subject

02/20/2007 TUE 10:22   FAX 36053371735

☑010/019

1  matter, and name and address of person/persons having or believed to have custody of such
2  document.

3      **ANSWER:** THE DOCUMENTS SUPPORTING CLAIMS ARE AS FOLLOWS:

4      1. Grays Harbor Community Hospital Personal File for Antoine D. Johnson, MD: author-
5  Grays Harbor Community Hospital: date prepared- 11/01 to present: brief description- personal
6  file: name and address of person/persons having custody- Grays Harbor Community Hospital,
7  915 Anderson Dr., Aberdeen, Wa (98520).

8      2. Grays Harbor Community Hospital Medical Staff Bylaws: author- Grays Harbor
9  Community Hospital: date prepared- 11/01 to present: brief description- personal file: name and
10  address of person/persons having custody- Grays Harbor Community Hospital, 915 Anderson
11  Dr., Aberdeen, Wa (98520).

12      3. Saint Peter's Hospital Credentialing File for Antoine D. Johnson, MD: author- St.
13  Peter's Hospital: date prepared-8/01 to present: brief description- credentialing file: name and
14  address of person/persons having custody- Grays Harbor Community Hospital, 915 Anderson
15  Dr., Aberdeen, Wa (98520).

16  **INTERROGATORY NO. 3**

17      EXPERTS:  Identify by name, job title and address each person whom the plaintiff
18  expects to call as an expert witness at trial, and for each such person state the following:

19      a. The subject matter on which the expert is expected to testify;
20      b. The substance of the facts and opinions to which the expert is expected to testify;
21      c. A summary of the grounds for each opinion to which the expert is expected to testify.
22
23      **ANSWER:** PLAINTIFF does not expect to call an expert at trial
24
25  **INTERROGATORY NO.4:** APPLICATIONS FOR PIRVILEGES:  Identify by name, address
26  and date for requests/applications each and every hospital, clinic, agency or other health care
27  facility to which plaintiff has submitted, whether verbally or in writing, a request or application
28

PLNTIFF ANS TO INTERROGATORIES      - 3      ANTOINE D. JOHNSON, Pro se
    P.O. BOX 149
    Aberdeen, WA 98520
    Ph. (360)500-9070

1  for plaintiff to gain privileges or otherwise have the permission to provide medical care in or

2  through such hospital, clinic, agency or other health care facility.

3

4  **ANSWER:** Objection, vague as to time.

5

6  **INTERROGATORY NO. 5:** PLAINTIFF'S MEDICAL PRACTICE: Idenfity by name,

7  address and inclusive dates for each and every hospital, clinic, agency or other health care

8  facility where plaintiff has engaged in the practice of medicine since becoming Board Certified

9  in Family Practice in fall 2000

10       **ANSWER:** Objection. This is not relevant to the complaint.

11

12  **INTERROGATORY NO. 6 :** MEDICAL STAFF SANCTIONS: Identify the date, health care

13  facility involved, and a description of the reasons fro each and every suspension.

14       **ANSWER:** Objection. Vague as to time and to facility.

15

16  **INTERROGATORY NO. 7:** STATE AND FEDERAL INVESTIGATIONS: Identify by

17  dates, agency name, and a brief description of circumstances involved each and every complaint

18  to or investigation by any state or federal enforcement or regulatory agency, including and not

19  limited to the Federal Drug Enforcement Administration and the State of Washington Medical

20  Quality Assurance Commission.

21       **ANSWER:** Objection. Matters such as these are public information and can be obtained

22  from the respective entities.

23

24  **INTERROGATORY NO. 8:** INSURANCE AND PAYORS: State the name and address, of

25  each and every medical insurer and or payor, including and not limited to Molina Healthcare, to

26  whom plaintiff requested or applied, whether verbally or in writing, to serve as an approved

27  medical provider, and for each state the inclusive dates, if any, during which plaintiff was an

28  approved medical provider.

PLNTIFF ANS TO INTERROGATORIES          ~ 4          ANTOINE D. JOHNSON, Pro se
                                                              P.O. BOX 149
                                                        Aberdeen, WA 98520
                                                        Ph. (360)500-9070

1    **ANSWER:** Objection. Vague as to time.

2

3    **INTERROGATORY NO. 9:** BROADWAY CLINIC: State the names, addresses, title and job

4    description of everyone who ever worked at or out of the Broadway Clinic offices in Garys

5    Harbor County, whether or not providing medical care, and whether or not an actual employee or

6    independent contractor or temporary visitor or helper/volunteer

7    **ANSWER:** Objection. Johnson Family Practice is not a party to this lawsuit.

8

9    **INTERROGATORY NO. 10:** JOHNSON FAMILY PRACTICE: State the names, addresses,

10   titles and job description of everyone who ever worked at or out of Johnson Family Practice

11   offices in Pierce County, whether or not providing medical care, and whether or not an actual

12   employee or independent contractor or temporary visitor or helper/volunteer.

13   **ANSWER:** Objection. Johnson Family Practice is not a party to this lawsuit.

14

15   **INTERROGATORY NO. 11:** RACIAL DISCRIMINATION CLAIM: Provide a complete

16   narrative of all factual and legal bases for the claims in your Complaint involving Race

17   discrimination under 42 U.S.C. 1981, including for completeness the identity of persons, places,

18   times, and documents involved with or related to these particular claims.

19   **ANSWER:** It is illegal to discriminate on the basis of race. The identity of persons,

20   places, times and documents involved are within Plaintiff's verified complaint and are indeed

21   factual.

22

23   **INTERROGATORY NO. 12:** DEPRIVATION OF CIVIL RIGHTS CLAIMS: Provide a

24   complete narrative of all factual and legal bases for the claims in your Complaint involving

25   Deprivation of Civil Rights under 43 U.S.C. 1981, including for completeness the identity or

26   persons, places, times, and documents involved with or related to these particular claims.

27

28   PLNTIFF ANS TO INTERROGATORIES          – 5          ANTOINE D. JOHNSON, Pro se
                                                              P.O. BOX 149
                                                          Aberdeen, WA 98520
                                                          Ph. (360)500-9070

1   **ANSWER:** It is illegal to deprive individuals of their Civil Rights. The identity of

2   persons, places, times and documents involved are within Plaintiff's verified complaint and are

3   indeed factual.

4

5   **INTERROGATORY NO. 13:** DEFAMATION CLIAMS: Provide a complete narrative of all

6   factual and legal bases for the claims in your Complaint involving Defamation of Character in

7   your Complaint, including for completeness the identity of persons, places, times, and documents

8   involved with or related to these particular claims.

9   **ANSWER:** It is illegal to defame individuals. The identity of persons, places, times and

10   documents involved are within Plaintiff's verified complaint and are indeed factual.

11

12   **INTERROGATORY NO. 14:** MEDICAL STAFF STATUS CLAIMS: Provide a complete

13   narrative of all factual and legal bases for the claims in your Complaint involving Impairing the

14   Obligation of Contract as a "Provisional Provider" on the Medical Staff by failing to elevate

15   plaintiff to another staff category, including for completeness the identity of persons, places,

16   times, and documents involved with or related to these particular claims.

17   **ANSWER:** I am unable to answer this question at this time. The Grays Harbor

18   Community Hospital personal file for Antoine D Johnson has information within it that

19   contradicts other information within it.

20   **INTERROGATORY NO. 15:** RETALIATION/JCAHO CLAIMS: Provide a complete

21   narrative of all factual and legal bases for the claims in your Complaint involving alleged

22   Retaliating or Retaliation against plaintiff because he did not conceal information from JACHO,

23   including for completeness the identity of persons, places, times, and documents involved with

24   or related to these particular claims.

25   **ANSWER:** Coersion to commit fraud is illegal. The identity of persons, places, times

26   and documents involved are within Plaintiff's verified complaint and are indeed factual.

27

28

PLNTIFF ANS TO INTERROGATORIES          - 6          ANTOINE D. JOHNSON, Pro se
                                                                  P.O. BOX 149
                                                              Aberdeen, WA 98520
                                                              Ph.(360)500-9070

**INTERROGATORY NO. 16:** INTERFERENCE WITH EMPLOYMENT CLAIMS: Provide a complete narrative of all factual and legal bases for the claims in your Complaint involving Tortious Interference with present and future employment relationships, including for completeness the identity of persons, places, times, and documents involved with or related to these particular claims.

     **ANSWER:** Defendants did interfere with Plaintiff's current and future employment. This is illegal. The identity of persons, places, times and documents involved are within Plaintiff's verified complaint and are indeed factual.

**INTERROGATORY NO. 17:** FRAUD/FORGERY CLAIMS: Provide a complete narrative of all factual and legal bases for the claims in your Complaint involving Fraud and Forgery in maintaining plaintiff's privilege(s) records and providing false information to third parties, including for completeness the identity of persons, places, times, and documents involved with or related to these particular claims.

     **ANSWER:** It is illegal to commit fraud. The identity of persons, places, times and documents involved are within Plaintiff's verified complaint and are indeed factual.

**INTERROGATORY NO. 18:** NEGLIGENCE CLAIMS: Provide a complete narrative of all factual and legal bases for the claims in your Complaint involving Negligence in failing to follow policies and procedures to credential plaintiff and negligently providing false information to others, including for completeness the identity of persons, places, times, and documents involved with or related to these particular claims.

     **ANSWER:** Failure to adhere to the bylaws of the Medical Staff constitutes negligence. The persons, places, times and documents involved are within Plaintiff's verified complaint and are indeed factual.

ANTOINE D. JOHNSON, Pro se
P.O. BOX 149
Aberdeen, WA 98520
Ph. (360) 500-9070

1 **INTERROGATORY NO. 19:**  ALLEGED DAMAGES:  Provide an itemization of all damages

2 you are claiming, both economic and non-economic, providing the dollar amount you intend to

3 claim for each item of damage, and how you calculate it

4     **ANSWER:**  An accurate itemization can not be provided at this time as I am still lacking

5 charges accrued from legal consultations.  I have requested the information but as yet have not

6 received it.  Defendants have requested production of various documents.  I anticipate I will have

7 my requested information from the legal consultants and can produce your itemization of

8 damages at the same time as documents are to be produced.

9

10 **INTERROGATORY NO. 20:**  ACCOUNTANTS/FINANCIAL ADVISORS:  State the name,

11 title, and address of each and every accountant, tax advisor, and financial advisor providing

12 accounting, tax, or financial services to plaintiff for plaintiff individually and for the Broadway

13 Clinic and Johnson Family Practice since September 2001 to date.

14     **ANSWER:**  There are no accountants/financial advisors to name.

15

16 **INTERROGATORY NO. 21:**  BANKS:  Identify by name, branch, street address, and account

17 numbers all of plaintiff's checking accounts with banks or other financial

18

19

20

21

22

23

24

25

26

27 institutions for plaintiff individually and for the Broadway Clinic and Johnson Family Practice

28 since September 2001 to date.

PLNTIFF ANS TO INTERROGATORIES      - 8              ANTOINE D. JOHNSON, Pro se
                                                    P O. BOX 149
                                        Aberdeen, WA 98520
                                       Ph.(360)500-9070

1    **ANSWER:**  Objection.  Broadway Clinic Inc. is not a party to the suit.

2

3

4

5   Dated: 19 February 2007

6

7

8                                              Antoine D. Johnson, Pro se

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLNTIFF  ANS TO INTERROGATORIES              – 9              ANTOINE D. JOHNSON, Pro se
                                                                P.O. BOX 149
                                                              Aberdeen, WA 98520
                                                              Ph (360)500-9070

THE HON. FRANKLIN D. BURGESS

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### at TACOMA

ANTOINE D. JOHNSON, MD )
)
    Plaintiff, ) Case No.: C06-5502-FDB
)
    vs. )
) **REQUESTS FOR PRODUCTION OF**
GRAYS HARBOR COMMUNITY ) **DOCUMENTS TO PLAINTIFF AND**
HOSPITAL,  Grays Harbor Community ) **RESPONSES AND OBJECTIONS**
Hospital Medical Staff, Grays Harbor ) **THERETO**
Community Hospital Governing Board, Ki )
Shin, MD, Tim Troeh, MD, Brent Rowe, MD, )
Gregory May, MD, Daniel Canfield, MD, )
Robin Franciscovich, MD, Thomas J. )
Hightower, Shelly Duber, MD and Does 1 )
through 50 inclusive, )
)
    Defendants )
)
)
)
)

       Plaintiff Pro se, Antoine D. Johnson (Plaintiff) provides the following objections and

responses to Defendants' Requests for Production of Documents:

## DOCUMENTS REQUESTED

PLNTFF RSPNSE PROD OF DOCS        - 1              ANTOINE D. JOHNSON, Pro se
                                                  P.O. BOX 149
                                      Aberdeen, WA 98520
                                   Ph. (360)500-9070

Exhibit 2

**REQUEST FOR PRODUCTION NO. 1:** DOCUMENTS SUPPORTING CLAIMS – Produce for inspection and copying all documents in plaintiff's possession, custody and/or control that are listed in Answer to Interrogatory No. 2, "DOCUMENTS SUPPORTING CLAIMS."

   **RESPONSE:** Defendants may inspect at a mutually agreed time and place all documents supporting claims.

**REQUEST FOR PRODUCTION NO. 2:** IRS RECORDS – Produce for inspection and copying all federal income tax returns for plaintiff individually and for the Broadway Clinic and Johnson Family Practice for the years 2001 through 2006, inclusive.

   **RESPONSE:** Objection. Broadway Clinic and Johnson Family Practice are not parties to this lawsuit.

**REQUEST FOR PRODUCTION NO. 3:** B&O TAX RECORDS – Produce for inspection and copying all Washington State B & O tax records for plaintiff individually and for the Broadway Clinic and Johnson Family Practice for the years 2001 through 2006, inclusive.

   **RESPONSE:** Objection. Broadway Clinic and Johnson Family Practice are not parties to this lawsuit.

**REQUEST FOR PRODUCTION NO. 4:** BOOKS OF ACCOUNT – Produce for inspection and copying all books of account for plaintiff individually and for the Broadway Clinic and Johnson Family Practice for the years 2001 through 2006, inclusive.

   **RESPONSE:** Objection. Broadway Clinic and Johnson Family Practice are not parties to this lawsuit.

**REQUEST FOR PRODUCTION NO. 5:** CALENDARS & SCHEDULES – Produce for inspection and copying all daily calendars and schedules for patient appointments (redacting the

PLNTFF RSPNSE PROD OF DOCS           ~ 2           ANTOINE D. JOHNSON, Pro se
                                                          P.O. BOX 149
                                                      Aberdeen, WA 98520
                                                     Ph . (360) 500-9070

last name of each patient for privacy purposes) for plaintiff individually and for the Broadway

Clinic and Johnson Family Practice for the years 2001 through 2006, inclusive.

**RESPONSE:** Objection. Broadway Clinic and Johnson Family Practice are not parties

to this lawsuit.

**REQUEST FOR PRODUCTION NO. 6:** D.E.A. – Produce for inspection and copying all

documents, notes, or correspondence related to all inquiries or claims concerning plaintiff made

with or through the DEA.

**RESPONSE:** Defendants may inspect at a mutually agreed time and place all such

documents.

**REQUEST FOR PRODUCTION NO. 7:** DEPARTMENT OF HEALTH – Produce for

inspection and copying all documents, notes, or correspondence related to all inquiries or claims

concerning plaintiff made with or through the Washington Department of Health and/or the

Health Professionals Quality Assurance Committee, including but not limited to all patient

complaints and MQAC investigations.

**RESPONSE:** Defendants may inspect at a mutually agreed time and place all such

documents.

**REQUEST FOR PRODUCTION NO. 8:** OFFICE LEASES/TITLES – Produce for inspection

and copying all real estate purchase and sales transactions, real estate titles, contracts and leases

concerning the locations for the Broadway Clinic offices in Grays Harbor County and Johnson

Family Practice offices in Pierce County.

PLNTFF RSPNSE PROD OF DOCS                    – 3                      ANTOINE D. JOHNSON, Pro se
                                                                        P.O. BOX 149
                                                                        Aberdeen, WA 98520
                                                                        Ph. (360) 500-9070

1    **RESPONSE:** Objection.  Broadway Clinic and Johnson Family Practice are not parties

2    to this lawsuit.

3

4

5    **REQUEST FOR PRODUCTION NO. 9:**  INSURANCE and PAYORS – Produce for

6    inspection and copying all contracts and agreements with each and every medical insurer and or

7    payor, including and not limited to Molina Healthcare, for whom plaintiff served as an approved

8    medical provider.

9    **RESPONSE:** Objection.  Vague as to time.

10

11    **REQUEST FOR PRODUCTION NO. 10:**  TELEPHONE RECORDS – Produce for inspection

12    and copying plaintiff's cell phone records for cell phone #360/500-9070 and every other cell

13    phone plaintiff had in the requested time frame, and the telephone records for Broadway Clinic

14    and Johnson Family Practice for June, July, and August 2004.

15    **RESPONSE:**  Objection.  Broadway Clinic and Johnson Family Practice are not parties

16    to this lawsuit.

17

18

19    **REQUEST FOR PRODUCTION NO. 11:**  AUTOMOBILE RECORDS – Produce for

20    inspection and copying all logs, billings, and credit card receipts for automobile maintenance and

21    repair and for fuel and oil purchases for the time period August 2003 through and including

22    August 2004.

23    **RESPONSE:** Vague as to what automobile.

24

25    **REQUEST FOR PRODUCTION NO. 12:**  MEDICAL STAFF APPOINTMENTS AND

26    PRIVILEGES – Produce for inspection and copying all correspondence to and from, as well as

27    applications and related forms, between plaintiff and each and every of the following health care

28    facilities:

PLNTFF RSPNSE PROD OF DOCS    – 4    ANTOINE D. JOHNSON, Pro se
P.O. BOX 149
Aberdeen, WA 98520
Ph. (360)500-9070

1   Enumclaw Community Hospital, Enumclaw, WA

2   Mark Reed, McCleary, WA

3   Providence St. Peter, Olympia, WA

4   Providence Centralia in Centralia, WA

5   Willipa Harbor Hospital in Ilwaco, WA

6   Roger Saux Health Centen in Tahola, WA

7   Shoalwater Bay Tribal Clinic in Tokeland, WA

8   Pacific EyeCare Network

9   Mason General Hospital, Shelton, WA

10   St. Joseph Hospital, Tacoma, WA

11   **RESPONSE:** Objection. Vague as to time and type of correspondence. Defendants

12   should contact the named facilities for desired correspondence.

16   **REQUEST FOR PRODUCTION NO. 13:** MEDICAL DIRECTOR – Produce for inspection

17   and copying all correspondence, notes, and memos dealing with or relating to plaintiff's efforts

18   to become Medical Director at Grays Harbor Long-Term Care, Grays Harbor Health and

19   Rehabilitation, Pacific Care Center, Sunbridge in Montesano, WA, and any other health care

20   facility in which plaintiff sought to become Medical Director.

21   **RESPONSE:** Objection. Plaintiff does not have such documents. Respondent will

22   have to request requested documents from the facilities themselves.

24   **REQUEST FOR PRODUCTION NO. 14:** PROVIDER AGREEMENTS – Produce for

25   inspection and copying any and all contracts, agreements, letters of understanding or other

26   written documents that pertain to having other medical providers – whether physician,

27   physician's assistant, ARNP, or nurse – to provide medical services for patients of the Broadway

28

PLNTIFF RSPNSE PROD OF DOCS         - 5                    ANTOINE D. JOHNSON, Pro se
                                                                      P.O. BOX 149
                                                                  Aberdeen, WA 98520
                                                                  Ph. (360)500-9070

1   Clinic and Johnson Family Practice in the time-period November 2001 through and including

2   December 1006.

3       **RESPONSE:** Objection.  Broadway Clinic and Johnson Family Practice are not parties

4   to this lawsuit.

5

6

7   **REQUEST FOR PRODUCTION NO. 15:** PATIENT COVERAGE – Produce for inspection

8   and copying any and all contracts, agreements, letters of understanding or other written

9   documents that pertain to having other medical providers – whether physician, physician's

10  assistant, ARNP, or nurse – to provide coverage for plaintiff with plaintiff's patients in Grays

11  Harbor County and Pierce County in the event of absence or unavailability of plaintiff in the

12  time-period November 2001 through and including December 2006.

13      **RESPONSE:** Objection.  Broadway Clinic and Johnson Family Practice are not parties

14  to this lawsuit.

15

16

17  **REQUEST FOR PRODUCTION NO. 16:** FIRST CHOICE GRANT – Produce for inspection

18  and copying all correspondence, applications and written documents relating to the 2006 First

19  Choice Health Technology Grant for the Broadway Clinic.

20      **RESPONSE:** Objection.  Broadway Clinic and Johnson Family Practice are not parties

21  to this lawsuit.

22

23

24  **REQUEST FOR PRODUCTION NO. 17:** DHHS – Produce for inspection and copying all

25  licenses, permits, and correspondence with the Substance Abuse and Mental Health Services

26  Administration of the U.S. Department of Health and Human Services, including and not limited

27  to treatment with Buprenorphine.

28

PLNTFF RSPNSE PROD OF DOCS          – 6                    ANTOINE D. JOHNSON, Pro se
                                                              P.O. BOX 149
                                                          Aberdeen, WA 98520
                                                          Ph. (360)500-9070

1    **RESPONSE:** Defendants may inspect at a mutually agreed time and place all such

2  documents.

3

4

5  **REQUEST FOR PRODUCTION NO. 18:**  GRANTS/APPLICATIONS – Produce for

6  inspection and copying all correspondence and applications relating to any and all requests or

7  applications for grants and/or financial assistance or loans by or for plaintiff, the Broadway

8  Clinic, and Johnson Family Practice with any federal or state agency, including and not limited

9  to the State of Washington Minority & Women's Business Enterprises (OMWBE) and Rural

10  Health, and Rural Business Development.

11    **RESPONSE:** Objection.  Broadway Clinic and Johnson Family Practice are not parties

12  to this lawsuit.

13

14

15

16  Dated:   19 February 2007

17

18    Antoine D. Johnson, Pro se

19

20

21

22

23

24

25

26

27

28

PLNTFF RSPNSE PROD OF DOCS          -- 7            ANTOINE D. JOHNSON, Pro se
                                                          P.O. BOX 149
                                                     Aberdeen, WA 98520
                                                     Ph. (360)500-9070

FAIR HEARING FOR ANTOINE JOHNSON, M.D., VOL. II -- JUNE 6, 2006

A P P E A R A N C E S

For Molina Healthcare:     JAMES F. NOVELLO
                           Associate General Counsel
                           Molina Healthcare, Inc.
                           2277 Fair Oaks Boulevard
                           Suite 440
                           Sacramento, California 95825

For Antoine Johnson, MD:   ARTIS C. GRANT, JR.
                           Law Offices of Grant & Association
                           3002 South 47th Street
                           Tacoma, Washington 98409

Hearing Officer:           V. MARC DROPPERT
                           Graham & Dunn, PC
                           2801 Alaskan Way, Suite 300
                           Seattle, Washington 98121

Hearing Panel:             RAYBURN LEWIS, M.D., VPMA
                           DAN LESSLER, M.D.
                           MATTHEW MULDER, M.D.
                           MARY O'CONNOR, M.D.

* * * *

STARKOVICH REPORTING SERVICES
(206)323-0919

Exhibit 3

32

1      Q.   Okay.

2      A.   Suspended.  He had never -- Well, okay.  I had a

3    question about that, because they get these little things,

4    snooze or lose.  You know, when you're doctors, you have to

5    sign off on your charts, and if you're a little bit tardy,

6    you get a "snooze or lose."  It's a thing they send out.

7    It's a bear in a bed, with Zs, and it says "Snooze or lose,"

8    and it's reminding you you have like one or two charts to

9    come in and sign, you know, and if you're not -- if you

10   don't sign them, you're -- you will be, you know, punished

11   until you do.

12            And so -- and I just -- one question I had in my

13   mind, I wanted to be sure that he had always signed his

14   charts before the, you know, midnight deadline.  That was

15   one question I had.  Okay?

16            Okay.  So restricted, he was never restricted,

17   that I know of.  Reduced, limited, sanctioned, placed on

18   probation, monitored, or not renewed for membership on a

19   hospital medical staff, and I say that is no.

20     Q.   Okay.  So one of the questions I have is we've

21   just talked about some notices from the hospital saying that

22   he would be punished unless he went in and did something.

23   What did it actually say?  It said "suspended," didn't it?

24     A.   Suspended, right, uh-huh.  But it's a temporary

25   thing until you go in and sign the charts.

THE SUPERIOR COURT OF WASHINGTON

GRAYS HARBOR COUNTY



FILED
IN THE OFFICE
OF COUNTY CLERK

102 W BROADWAY
ROOM 203
MONTESANO WASHINGTON 98563
04 OCT 19 P 2 52

GORDON L GODFREY JUDGE
DAVID FOSCUE JUDGE
F MARK McCAULEY JUDGE
     (360) 249-6363
BONNIE KINDLE ADMINISTRATOR
     (360) 249-5311

October 19, 2004

Steven McNeill
Attorney at Law
107 E. Marcy Avenue
Montesano, WA 98563

Dr. Antoine Johnson
501 N. Broadway
Aberdeen, WA 98520

RE: *Jennifer Johnson v Antoine Johnson*
       Grays Harbor County Cause No  03-3-00481-2

Dear Mr. McNeill and Mr. Johnson:

       The matter before the court is a dissolution proceeding with deeply disputed issues
regarding:
              a) residential/primary placement of the minor children of the parties with appropriate
                   visitation privileges concomitant thereto;
              b) division of the properties and debts of the parties;
              c) request for spousal maintenance; and
              d) child support.

       I have made preliminary final rulings following our  last day of trial on September 1,
2004. As indicated I wanted to place in writing my final decision. I desired to do so due to the
nature of this proceeding. This matter has contained allegations on all of the above issues
between the parties. The aspersions, innuendo, and outright claims range from the most vile and
vituperative to the incredulous, spurious, and at times bordering on outright fraudulent. It is
necessary for this court to reduce to writing its findings and conclusions with brief illustrations.
The purpose of the illustrations are to demonstrate examples of the allegations in contrast to the
evidence resulting in the court's decisions. The illustrations are not exclusive as there were many
similar or consistent examples throughout this proceeding.

       The decisions of this court in this matter are based on the demeanor of the parties as
witness,' the credibility of the witness' at trial in light of the nature of the allegations,  the
interpretation of the evidence as presented, the lack of evidence on issues and allegations,  the

1

\\7

Exhibit 4

October 19, 2004
Page 2

logic of the court in deciphering the evidence, and all other factors trial courts utilize in the decision making process. This is a concise and candid conclusion of all presented to the court. The credibility and demeanor of the parties before the court at trial was a major component in this decision process.

The petitioner, Jennifer Johnson, was born and raised in the Carribean where she met Dr. Johnson. The parties were married on August 23, 1996, in Nashville, Tennessee and separated November 28, 2003. There were two children born of this marriage, Antoine Jr. age 6, and Artimus age 4. Mrs. Johnson has a son, Kyron, age 14, from a former relationship. She currently runs a "deli/refreshment" stand at the local YMCA. The respondent, Dr. Antoine Johnson, is a licenced practicing medical doctor with his office located in Aberdeen, Washington.

The litigation began on a petition for dissolution filed pro se by Jennifer Johnson on 12/11/03. Ms. Johnson petitioned the court to be allowed to file in forma pauperis as she had no financial ability to pay the filing fee. This request was granted by the Honorable David Foscue on 12/11/03. Mrs. Johnson petitioned for a division of the community liabilities, a division of the community property, and a request for maintenance. She initially sought a parenting plan, (document #6 in the court file), that she be given the major residential placement of the children requesting that Dr. Johnson's residential time be limited because of alleged past physical and emotional abuse of the children. She also alleged that Dr. Johnson was withholding access of the children from her for protracted periods of time. She requested a restriction on Dr. Johnson's visitation privileges with the children alleging "that the father shall not hit the children while in his care, that he must use some other form of discipline."

Dr. Johnson appeared pros se and responded to the petition. He has continued to represent himself pro se throughout this litigation. In his responsive pleadings to the dissolution he proposed in his parenting plan, (document #11 in the court file), that the primary residential placement of the children be with him. He alleged that the mother's parental conduct should be limited due to physical, sexual, and emotional abuse of the children with a history of domestic violence. He further alleged that the mother's conduct would have an adverse effect on the children due to neglect, substantial non-performance of parenting functions, and her incestuous behavior. He requested a restriction that the younger children were not to be left alone with the step-son Kyron, and that Jennifer Johnson was not to engage in her alleged incestuous behavior with the children.

Dr. Johnson sought temporary orders including a restraining order alleging that there had been an act of sexual abuse causing significant bleeding, deep bruising or significant external or internal swelling to Artimus Johnson. He stated there had been incest involving sexual contact of the sex organs of their children and the mouth of Jennifer Johnson. He alleged physical abuse by the mother on their children. As a result of those allegations a temporary ex parte restraining order was granted (document #19) by the Honorable David Foscue

2

October 19, 2004
Page 3

Pursuant to the ex parte orders temporary matters were heard on December 29, 2003, before Judge Foscue who appointed attorney John Farra as the guardian ad litem to investigate the allegations of abuse. This resulted in the temporary order of 12/29/03, (document #23 in the court file) that indicated that a later hearing was to be held. Mrs. Johnson was allowed to remain in the family home with Dr. Johnson ordered to pay the home mortgage and utility. The children were to remain with Dr. Johnson pending the guardian ad litem's investigation of the allegations. Mrs. Johnson was allowed visitation. Thus began a battle that has resulted in three volumes of court files, 114 separate document entries, multiple days of court hearings and trial, 179 exhibits, and countless allegations of misconduct and abuse.

Issues raised in this litigation were of a highly inflammatory nature that would under normal circumstances test the ability of the court to arrive at a firm conclusion of matters in dispute. These matters obviously require that a court cautiously weigh the appearance, demeanor, and credibility of witness'. In this case the inflammatory and contentious issues centered on the topics of:

1) sex abuse;
2) physical abuse;
3) income; and
4) community assets and valuations

The following are a few illustrations that this court deems necessary to document to buttress the full and final decisions in this litigation. As previously noted these are only a few examples.

The obvious most inflammatory issues raised by the respondent Dr. Johnson were those of alleged sexual misconduct. The allegations by Dr. Johnson were not restricted to Mrs. Jennifer Johnson. Separate allegations of misconduct of a sexual nature were allegedly perpetrated by a former employee of Dr. Johnsons, Ms. Maria Aceto, now a friend of Mrs. Johnson, and his step-son Kyron Johnson against his children. Thus, these types of acts were to have been perpetrated by 3 separate people.

A temporary custody hearing began on February 25, that lasted 3 days. Regarding the allegations of Mrs. Johnsons alleged sexual abuse to the children. The culmination of the testimony left the court to conclude that the only contact with the mouth of Ms. Johnson and her children was the all too common "blowing of bubbles" on the stomach of the child or children by the mother following bathing. As to Ms. Aceto the allegation was of innuendos and blatant statements regarding taking all the clothing off of his children until they were naked in her home. The facts were that his children, and Ms Acetos children, had been playing with running water and became drenched. That Mrs. Aceto removed all of the children's clothing down to their underwear, and while sitting at her kitchen table eating their lunch the clothes were placed in the

3

October 19, 2004
Page 4

dryer. As to the allegations against his step-son Kyron Johnson, it was alleged by Dr. Johnson that Kyron had molested the child Artimus Johnson in the family backyard. The testimony established that Kyron and the minor child Artimus had been caught urinating in the backyard of the family home.

There were further allegations by Dr. Johnson of domestic violence allegedly perpetrated by Jennifer Johnson against him. The evidence included a 911 call from the Johnson home to report domestic violence. The phone was hung up. The facts indicated that Jennifer Johnson had made the initial call. That a responsive phone call from the 911 operator to Dr. Johnson's residence, as a result of the disconnect, was answered by a female who subsequently was determined to be Dr. Johnson's mother, LaWanda, who denied that any domestic violence was taking place, and that there had not been a call despite the shouting of Jennifer Johnson in the background. The evidence demonstrated to the court that there had been a domestic violence dispute between the parties, that Dr. Johnson engaged in that behavior, that Jennifer Johnson made a call to 911 for help, that a 3rd party hung the phone up interfering with the call, and that there was a denial by Dr. Johnson's mother to the subsequent 911 inquiry.

All of these matters aforementioned were reported by Dr. Johnson and investigated by child protective services and the Aberdeen Police Department. The investigation including a taped interview by the Aberdeen Police Department with Artimus and Antoine where they have indicated that Kyron Johnson is a good brother and they enjoy his company and relationship. This finding is also buttressed by the investigations and interviews with the boys by the guardian ad litem. Interestingly, the boys in the taped interview, evidence in this case, have indicated that their father is "mean" and physically strikes them. After three days of testimony, including that of Child Protective Services and Detective Wayne Schmidt of the Aberdeen Police Department, this the court concluded: (1) That there was no sexual misconduct or incestuous behavior by Jennifer Johnson with the minor children; (2) that there was no sexual misconduct by the step-son Kyron Johnson with the minor child Artimus Johnson; (3) that there was no sexual misconduct by Ms. Maria Aceto; and (4) there was no domestic violence perpetrated by Jennifer Johnson against Dr. Johnson.

During this hearing testimony was introduced that Dr. Johnson utilized harsh corporal punishment as one method of discipline for all the children. This was substantiated by the guardian ad litem report, the police investigation, and most succinctly the video tape interview of the minor children, Artimus and Antoine. The court concluded that the children's residential placement would be placed with Jennifer Johnson. That temporary maintenance and support would be ordered.

On June 9, 2004, the parties appeared for a pretrial hearing. Present included Mr. Steven McNeill, counsel for Jennifer Johnson, Dr. Johnson, pro se, and Guardian Ad Litem, John L. Farra. The parties stipulated to prior evidence and testimony at the previous temporary custody

4

October 19, 2004
Page 5

hearing in order that they not have to duplicate testimony and appearance of witnesses. At the hearing the guardian ad litem made recommendations which included that the children remain at the residential placement as previously made by the court. Trial further continued to June 10, 23 and September 1. Testimony and evidence concluded on September 1, 2004.

There was no additional testimony or evidence presented to the court to alter the decision as to the issue of residential placement. It is this court's decision that the children shall follow a continual schedule of residential placement as has been practiced by the parties following the February 27th decision. They shall primarily reside with their mother with weekend visitation by Dr. Johnson. She shall be allowed to make all major decisions regarding these children. That shall include education, religion, and non-emergent medical attention. <u>Dr. Johnson shall not be allowed to utilize corporal punishment as a methodology discipline with these children.</u> There is a substantial basis of fact and testimony from the police, and Mrs. Johnson, and the children themselves, that this type of physical force has taken place and will not be further tolerated. At such times as Dr. Johnson is working and cannot exercise his visitation the children shall be immediately returned to their mother.

That child support in this matter shall be based on a projected income to Dr. Johnson as a licensed practicing medical doctor. Dr. Johnson initially stated (doc.# 12 in the court file) that his total gross monthly income was $26,750 for an annual gross income in excess of $300,000. He stated that following his deductions for income taxes, FICA, and normal business expenses he was left with only a monthly net income of $500 per month for a total income net of $6,000 yearly. The issue of the income Dr. Johnson is one of great question and curiosity and the answers are quite suspect. Despite his assertions initially that his net monthly income was $500 per month, subsequent evidence and testimony indicates that the IRS has found that some of Dr Johnson's business expenses have been invalidated as business expenses. Despite the protestations of poverty this licensed practicing physician has been able to attend medical conferences in Scotland, San Diego, Yellowstone, and the San Juan Islands pending this litigation. At these conferences he has been accompanied at times by his children and his mother. If, as indicated, and promulgated by Dr. Johnson that he is penniless it is hard for this court to understand why it would be necessary to take his mother and his children on said trips. There have been claims that Dr. Johnson's mother has paid for portions of these trips yet there has been no evidence other than Dr. Johnson and/or his mother to substantiate these claims. Dr. Johnson claims to be incapable of owning a motor vehicle and that he must use his mothers. Therefore, this court can only conclude that based on Dr. Johnson's gross income and the occupation he pursues his income has to be at least 1/3 of his gross income thus this court at this time places his net income at $100,000 yearly. This court feels justified in making this conclusion based on the evidence before it. It must be noted, that NO expert testimony was presented to this court regarding the doctor's income, the valuation of the real property of the parties in Aberdeen, Nashville, Tennessee, or Scotland, nor was there expert testimony as to the business evaluation of Dr. Johnson's medical practice.

5

October 19, 2004
Page 6

As to the home in Nashville. Again, there is not accurate expert testimony as to the value of the property. This property shall be listed and sold with the proceeds split equally between the parties. Pending sale Dr. Johnson shall make all mortgage and tax payments. He shall be entitled to contact an appropriate realty agent in the Nashville area for purposes of sale. He shall keep Mrs. Johnson advised at all times as to pending matters regarding same.

The parties acquired a one-half interest in property in Scotland. The parties bought the interest with Dr. Johnson's mother purchasing the other one-half interest. During the course of this matter Dr. Johnson transferred the community one-half interest to his mother. Both Dr. Johnson and his mother allege it was in consideration of money owed by Dr. Johnson to his mother, LaWanda Johnson. There has been no demonstration to this court what the alleged debt was incurred for, nor was there any evidence of any notes or written instruments to buttress the claim that the transfer was in lieu of debt repayment. Therefore, this court finds that the transfer was inappropriate and that Jennifer Johnson is entitled to a fair and equitable reimbursement to her from Dr. Johnson for her share of the transferred property. Based on the testimony of the parties, it is this court's belief that the sum of $10,000 to Jennifer Johnson is appropriate. By making this cash award the court is also considering issues regarding the family medical practice that is addressed further in this decision.

Regarding the property referred to as the deli/refreshment stand at the Hoquiam YMCA. That property shall be awarded to Mrs. Johnson. Based on the testimony and records produced this court finds that it is virtually worthless. Jennifer Johnson shall be responsible for any debts due and owing regarding this business. Further she shall be responsible for any tax liabilities and debts incurred by this business.

As to the family residence at 1272 Bel Aire, Aberdeen, Washington, the property equity as noted by the parties varies from minimal to moderate equity. Again no expert testimony has been established as to the fair market value of the property. There have been efforts by Dr. Johnson to establish that Mrs Johnson has substantial equity in the home if awarded to her. However if awarded to him Mrs. Johnson has allowed the home to greatly deteriorate during her tenure pending this dissolution and thus it has little equity. It shall be awarded to Mrs. Johnson subject to the mortgage. The issue of equity shall be balanced with the remaining award of property in this matter, most specifically the medical practice.

The largest and most valuable asset before this court is the medical practice of Dr Johnson. As noted by the aforementioned evidence, and this court cannot stress enough, no expert has appeared before this court to testify to same. However, the business records indicate gross proceeds for the last calender year of $300,000. It is incomprehensible to this court that this business could be worthless. Unfortunately, this court has no basis to make any estimation as to the value. Thus, in the previous rulings and in this particular ruling the court strives for equity. Dr. Johnson will be awarded the entire interest in this practice. He shall be responsible for any

6

October 19, 2004
Page 7

tax liabilities the community may have incurred to any governmental entity for the medical practice.

There is an indication from Mrs. Johnson that she desires to obtain a college education. Thus, commensurate with the term of marriage and the position in life that these people have established, it is only appropriate this court award to Mrs. Johnson maintenance in the amount of $1,000 per month and an additional $500 stipend to be applied to her education per month. Thus, a total of $1,500 per month shall be awarded on the issue of maintenance to Mrs. Johnson. That award shall be for five consecutive years beginning the date of entry of the final pleadings in this matter. It is anticipated that Mrs. Johnson shall attend college to obtain her degree. Mrs. Johnson shall be entitled to the additional $500 per month so long as she is taking ten or more credit hours of education.

This court began hearings from February 25 through September 1,2004 and came to the conclusion that virtually all claims of abuse, neglect, and sexual misconduct being made by Dr. Johnson were of a frivolous nature. That the evidence, facts and statements as purported by Dr. Johnson were veiled attempts to bias, prejudice, or influence the court with exaggerations, embellishments, and in certain circumstances outright lies. This court further finds that the actions of Dr. Johnson's mother are highly suspect. This court makes such findings based upon the interference in the domestic violence call as aforementioned, her blind allegiance to her son regarding his prior corporal discipline of the children, and other factors placed before this court which indicated her extreme bias for her son. Further, the issue of the finances between Dr. Johnson and his mother with her as the book keeper has cast great suspicion on the actual financial affairs of the community.

Based on all of the above to reiterate it is this court's decision and conclusion that:

A) Mrs. Jennifer Johnson shall be awarded the primary residential placement of the children. She shall be allowed to make all major decisions regarding these children. That shall include education, religion and non-emergent medical attention;

B) Dr. Johnson shall be allowed visitation with the minor children on the schedule of alternate weekends. Alternate spring vacations, alternate Christmas vacations. Additionally, the parties shall submit a parenting plan that further gives the mother all Mother's Days, the father all Father's Days, and the children's birthdays alternated. Dr. Johnson shall be entitled to a midweek evening. He shall not be allowed to utilize corporal punishment as a means of discipline.

C) Child support shall be set at the amount of $1,534 per month, ($767 per child). I have enclosed a rough child support worksheet placing Mrs. Johnsons income at basic

7

October 19, 2004
Page 8

minimum wage which I feel is commensurate to my ruling herein regarding maintenance income. In addition, Dr. Johnson shall be responsible for proportionate daycare and medical costs.

D) Maintenance shall be awarded to Mrs. Johnson in the amount of $1,000 per month for 5 years with an additional $500 per month so long as she is attending 10 or more hours of college educational pursuit.

E) The community property shall be distributed as follows:
  1) to Jennifer Johnson:
      a) the community residence located 1272 Bel Aire Ave, Aberdeen Wn, subject to the mortgage;
      b) the deli/refreshment stand;
      c) ½ of the net proceeds from the sale of the Nashville property;
      d) all furnishings and personal effects currently in her possession;
      e) The motor vehicle currently in her possession; and
      f) $10,000 cash for her interest in the Scotland property transferred by Dr. Johnson to his mother.

  2) to Dr. Antoine Johnson:
      a) the medical practice;
      b) the personal effects and furnishings currently in his possession;
      c) ½ of the net proceeds from the sale of the Nashville property; and
      d) any interest the community may have in the Scotland property following the $10,000 owed to Jennifer Johnson;

  3) Debts: With the exception of the mortgage on the family residence and the debts of the deli/refreshment stand, Dr. Johnson shall be responsible for all remaining community debts. This shall specifically include any tax obligations to any governmental entity due and owing as a result of all financial issues of the parties with the exception of any tax obligations by Jennifer Johnson as a result of the deli/refreshment stand;

  4) Attorneys fees: Dr. Johnson shall be required to pay additional attorneys fees to Mrs. Johnson's attorney in the amount of $7,500. He shall pay it at $300 per month until said sum is paid in full. The amount shall not bear interest so long as he is current in the monthly obligations;

  5) The guardian ad litem fees incurred in this matter shall be the sole responsibility of Dr. Johnson in the amount of that will need to be obtained from the county clerks office from orders signed. He shall

8

October 19, 2004
Page 9

reimburse the county for the funds expended to pay said guardian ad litem
and shall arrange a payment schedule with the county clerk .

Based on all of the above I anticipate that pleading shall be drafted commensurate with
this decision and shall be presented to this court for entry to conclude this matter.

Cordially,

Gordon L. Godfrey
Superior Court Judge

GLG/lt
cc: file

9

# REED M<sup>c</sup>CLURE

**ATTORNEYS  AT  LAW**

W W W . R M L A W . C O M

**A PROFESSIONAL SERVICES CORPORATION**
TWO UNION SQUARE
601 UNION STREET, SUITE 1500
SEATTLE, WASHINGTON 98101-1363
FAX: 206/223-0152
206/292-4900

IN REPLY REFER TO OUR FILE NUMBER

063800.000026

WRITER'S DIRECT LINE

(206) 386-7030
srogers@rmlaw.com

March 13, 2007

## *TRANSMITTED BY FACSIMILE*

Antoine D. Johnson, M.D.
P.O. Box 149
Aberdeen, WA 98520

Amy Forbis, Esq.,
Bennett Bigelow & Leedom, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101-1397

David Corey, Esq.
Kingman Peabody Fitzharris & Ringer, P.S.
505 Madison, Suite 300
Seattle, WA 98104

Re: Johnson v Grays Harbor, et al: Discovery Conference by Phone on 3/21/07

Dear Dr. Johnson, Ms. Forbis, and Mr. Corey:

This letter is to confirm that Dr. Johnson has agreed to a discovery conference by telephone concerning Dr. Johnson's responses to discovery propounded by defendants Grays Harbor Community Hospital, Hightower and Rowe. This telephone conference is set for 2:00 p.m. on Wednesday, March 21, 2007. Dr. Johnson, it is my understanding that you have cleared your schedule and will be available at the following telephone number: (360) 538-7292.

If other counsel would like to participate in this telephone conference, please let me know, and I will make arrangements for a conference call.

151264

Exhibit 5

March 13, 2007
Page 2

Thank you for your cooperation.  Please do not hesitate to contact me if you have any questions concerning these arrangements.

Very truly yours,

REED McCLURE

Sherry H. Rogers

151264

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

| Western | DISTRICT OF | Washington |

ANTOINE D. JOHNSON, M.D.

V.

GRAYS HARBOR COMMUNITY HOSPITAL, ET AL.

### SUBPOENA IN A CIVIL CASE

Case Number:[1]  c06-5502-FDB

TO:   CUSTODIAN OF THE RECORDS,
BROADWAY CLINIC, INC.

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
PLEASE REFER TO THE DOCUMENTS DESCRIBED IN THE ATTACHED EXHIBIT "A"

| PLACE   BROADWAY CLINIC, INC., 105 W. 4TH ST., ABERDEEN, WA | DATE AND TIME 4/4/2007 1:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Sherry Rogers, atty for Defendant* | *March 21, 2007* |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Sherry H. Rogers, Reed McClure, 601 Union Street, Ste 1500, Seattle, WA 98101; 206-292-4900; Attorney for Defendants Grays Harbor, Hightower and Rowe

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number

Exhibit 6

EXHIBIT "A"

IRS RECORDS - Produce for inspection and copying all federal income tax returns for plaintiff individually and for the Broadway Clinic and Johnson Family Practice for the years 2001 through 2006, inclusive.

B&O TAX RECORDS - Produce for inspection and copying all Washington State B & O tax records for plaintiff individually and for the Broadway Clinic and Johnson Family Practice for the years 2001 through 2006, inclusive.

BOOKS OF ACCOUNT - Produce for inspection and copying all books of account for plaintiff individually and for the Broadway Clinic and Johnson Family Practice for the years 2001 through 2006, inclusive.

CALENDARS & SCHEDULES – Produce for inspection and copying all daily calendars and schedules for patient appointments (redacting the last name of each patient for privacy purposes) for plaintiff individually and for the Broadway Clinic and Johnson Family Practice for the years 2001 through 2006, inclusive.

D.E.A. – Produce for inspection and copying all  documents, notes, or correspondence related to all inquiries or claims concerning plaintiff made with or through the DEA.

DEPARTMENT OF HEALTH – Produce for inspection and copying all documents, notes, or correspondence related to all inquiries or claims concerning plaintiff made with or through the Washington Department of Health and/or the Health Professionals Quality Assurance Committee, including but not limited to all patient complaints and MQAC investigations.

OFFICE LEASES/TITLES – Produce for inspection and copying all real estate purchase and sales transactions, real estate titles, contracts and leases concerning the locations for the Broadway Clinic offices in Grays Harbor County  and Johnson Family Practice offices in Pierce County.

INSURANCE and PAYORS – Produce for inspection and copying all contracts and agreements with each and every medical insurer and or payor, including and not limited to Molina Healthcare, for whom plaintiff served as an approved medical provider.

TELEPHONE RECORDS -         Produce for inspection and copying plaintiff's cell phone records for cell phone # 360/500-9070 and every other cell phone plaintiff had in the requested time-frame, and the telephone records for Broadway Clinic and Johnson Family Practice for June, July, and August 2004.

AUTOMOBILE RECORDS – Produce for inspection and copying all logs, billings, and credit card receipts for automobile maintenance and repair and for fuel and oil purchases for the time period August 2003 through and including August 2004.

MEDICAL STAFF APPOINTMENTS AND PRIVILEGES – Produce for inspection and copying all correspondence to and from, as well as applications and related forms, between plaintiff and each and every of the following health care facilities:

Enumclaw Community Hospital, Enumclaw, WA; Mark Reed, McCleary, WA; Providence St. Peter, Olympia, WA; Providence Centralia in Centralia, WA; Willipa Harbor Hospital in Ilwaco, WA; Roger Saux Health Center in Tahola, WA; Shoalwater Bay Tribal Clinic in Tokeland. WA; Pacific EyeCare Network; Mason General Hospital, Shelton, WA; St. Joseph Hospital, Tacoma, WA

MEDICAL DIRECTOR – Produce for inspection and copying all correspondence, notes, and memos dealing with or relating to plaintiff's efforts to become Medical Director at Grays Harbor Long-Term Care, Grays Harbor Health and Rehabilitation, Pacific Care Center, Sunbridge in Montesano, WA, and any other health care facility in which plaintiff sought to become Medical Director.

PROVIDER AGREEMENTS -      Produce for inspection and copying any and all contracts, agreements, letters of understanding or other written documents that pertain to having other medical providers - whether physician, physician's assistant, ARNP, or nurse - to provide medical services for patients of the Broadway Clinic and Johnson Family Practice in the time-period November 2001 through and including December 2006..

PATIENT COVERAGE – Produce for inspection and copying any and all contracts, agreements, letters of understanding or other written documents that pertain to having other medical providers - whether physician, physician's assistant, ARNP, or nurse - to provide coverage for plaintiff with plaintiff's patients in Grays Harbor County and Pierce County in the event of absence or unavailability of plaintiff in the time-period November 2001 through and including December 2006.

FIRST CHOICE GRANT – Produce for inspection and copying all correspondence, applications and written documents relating to the 2006 First Choice Health Technology Grant for the Broadway Clinic.

DHHS – Produce for inspection and copying all licenses, permits, and correspondence with the Substance Abuse and Mental Health Services Administration of the U.S. Department of Health and Human Services, including and not limited to treatment with Buprenorphine.

GRANTS/APPLICATIONS – Produce for inspection and copying all correspondence and applications relating to any and all requests or applications for grants and/or financial assistance or loans by or for plaintiff, the Broadway Clinic, and Johnson Family Practice with any federal or state agency, including and not limited to the State of Washington Minority & Women's Business Enterprises (OMWBE) and Rural Health, and Rural Business Development.

## UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON, AT TACOMA

ANTOINE D JOHNSON, M.D.

Plaintiff/Petitioner

Cause #:   **C06-5502-FDB**

Declaration of Service of:

**SUBPOENA IN A CIVIL CASE; NOTICE OF EXAMINATION OF THE RECORDS OF THE BROADWAY CLINIC, INC.; WITNESS FEE CHECK**

vs.
**GRAYS HARBOR COMMUNITY HOSPITAL; ET AL.**

Defendant/Respondent

Hearing Date:   **Apr  4 2007**

Declaration:

The undersigned hereby declares: That s(he) is now and at all times herein mentioned, a citizen of the United States and a resident of the State of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the date and time of   **Mar 27 2007  1:48PM**

at the address of   **510 BROADWAY ST  SUITE 105 ABERDEEN**

within the County of   **GRAYS HARBOR**          State of   **WASHINGTON**

the declarant duly served the above described documents upon

**CUSTODIAN OF THE RECORDS, BROADWAY CLINIC, INC.**

by then and there personally delivering   **1**   true and correct copy(ies) thereof, by then presenting to and leaving the same with

**ANTOINE JOHNSON MD  A black male approx. 40-45 years of age 5'8"-5'10" in height weighing 180-200 lbs with black hair**

No information was provided that indicates that the subjects served are members of the U.S. military.

I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct
Dated: March 27, 2007 at Olympia, WA

by _____
                    L. Randall

ORIGINAL SENT
MAR 2 7 2007
FOR FILING

The documents listed above were served in accordance with RCW 4.28.080 and/or client instructions. If service was substituted on another person or left with a person that refused to identify themselves, it is incumbent upon the client to notify ABC Legal Services, Inc. immediately in writing if further attempts to serve, serve by mail, or investigate are required. If service was substituted on another person, pursuant to RCW 4.28.080 (16), service shall be complete on the tenth day after a copy of the documents are mailed to the subject at the address where service was made. Documents were not mailed by ABC Legal Services, Inc.

Service Notes:

| Documents: | 22.00 | Secretarial: | 0.00 | Other: | 32.50 |
|---|---|---|---|---|---|
| Travel: | 49.70 | Postage: | 0.00 | Total: | 228.70 |
| Invalid Address ( 1 ) | 52.50 | Photo: | 0.00 | Pre-Paid Retainer: | 0.00 |
| Proof Preparation: | 7.00 | Rush / Special: | 65.00 | | |
| Summons Copy: | 0.00 | Wait / Stake Out Time: | 0.00 | **AMOUNT DUE** | **228.70** |

Client Ref: **063800.000025**
Reed, McClure
601 Union St, #1500
Seattle, WA  98101-3900
206 292-4900

CLIENT COPY
PROOF OF SERVICE

Page 1 of 1

ABC Legal Services, Inc.
633 Yesler Way Seattle, WA 98104
206 521-9000
Tracking #: **4789159**

OR_PERLGR14

HONORABLE FRANKLIN D. BURGESS

## UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

ANTOINE D. JOHNSON, M.D.,

      Plaintiff,

      vs.

GRAYS HARBOR COMMUNITY
HOSPITAL, Grays Harbor Community
Hospital Medical Staff, Grays Harbor
Community Hospital Governing Board, Ki
Shin, MD, Tim Troeh, MD, Brent Rowe, MD,
Gregory May, MD, Daniel Canfield, MD,
Robin Francisovich, MD, Thomas J.
Hightower, Shelly Duber, MD and Does 1
through 50 inclusive,

      Defendants.

NO. C06-5502-FDB

**NOTICE OF EXAMINATION OF
THE RECORDS OF THE
BROADWAY CLINIC, INC.**

TO:   **The Custodian of the Records of the Broadway Clinic, Inc.** (previously
known as the Broadway Walk-In Clinic and Ocean Shores Ambulatory Clinic)

Pursuant to Rules 30(b), 33(d), and 34, an examination of the records of the Broadway
Clinic, Inc., including all entities that are part of the Broadway Clinic, Inc. (including but not
limited to the entities known by the names "Johnson Family Practice I and II") will be taken
at the following time, date and place:

      Date:          April 4, 2007

      Time:         1:00 p.m.

NOTICE OF EXAMINATION OF RECORDS

063800 000026\#152170

**REED McCLURE**
ATTORNEYS AT LAW
TWO UNION SQUARE
601 UNION STREET, SUITE 1500
SEATTLE, WASHINGTON 98101-1353
(206) 292-4900  FAX (206) 223-0152

1   Place:        Offices of the Broadway Clinic, Inc., 105 W. 4th St.,
                  Aberdeen, Washington

2

3   The purpose of the records' examination is solely to obtain documents previously
    requested in defendants' Grays Harbor, Hightower and Rowe's requests for production to
    plaintiff (as itemized in Exhibit "A" of the accompanying subpoena), which plaintiff has
4   refused or failed to produce.

5   This records examination will be recorded by a qualified court reporter, and is subject to
    continuance or adjournment from time to time or place to place until complete.
6

7        DATED this 26th day of March, 2007.

8                                    REED McCLURE

9

10                                   By _Sherry Rogers_____
11                                      Sherry H. Rogers          WSBA #16844
12                                      Michael N. Budelsky       WSBA #35212
                                        Attorneys for Defendants Grays Harbor
13                                      Community Hospital, Thomas Hightower and
                                        Brent Rowe, M.D.
14

15

16

17

18

19

20

21

22

23

24

25

NOTICE OF EXAMINATION OF RECORDS

063800 000026\#152170

REED McCLURE
A T T O R N E Y S   A T   L A W
TWO UNION SQUARE
601 UNION STREET, SUITE 1500
SEATTLE, WASHINGTON 98101-1363
(206) 292-4900  FAX (206) 223-0152

## MINUTES OF BOARD OF DIRECTORS
### BROADWAY CLINIC INC.
### 26 MARCH 2007

PRESENT: ANTOINE D. JOHNSON, M.D. AND LAWANDA A. JOHNSON, PH.D.

THE BOARD MET TO DISCUSS A REQUEST FOR CERTAIN BUSINESS
RECORDS. THE REQUEST WAS MADE BY ATTORNEYS FROM THE LAW
FIRMS OF BENNETT AND BIGELOW AS WELL AS FROM REED MCCLURE
THESE FIRMS REPRESENT THE DEFENDANTS IN AN ACTION BROUGHT
AGAINST THEM BY DR. ANTOINE D. JOHNSON. NEITHER BROADWAY
CLINIC INC. NOR BOARD MEMBER LAWANDA A. JOHNSON ARE PARTIES TO
THAT ACTION. FURTHER, IT IS THE POSITION OF THE COMPANY THAT THE
REQUESTED DOCUMENTS ARE PROTECTED BY HIPPA AND THE LAWS OF
THE STATE OF WASHINGTON. THEREFORE, IN A UNAMINOUS DECISION,
THE BOARD OF DIRECTORS OF BROADWAY CLINIC INC. WILL NOT
PROVIDE THE REQUESTED DOCUMENTS.



Exhibit 7

THE HON. FRANKLIN D. BURGESS

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### at TACOMA

ANTOINE D. JOHNSON, MD

    Plaintiff,

    vs.

GRAYS HARBOR COMMUNITY
HOSPITAL,  Grays Harbor Community
Hospital Medical Staff, Grays Harbor
Community Hospital Governing Board, Ki
Shin, MD, Tim Troeh, MD, Brent Rowe, MD,
Gregory May, MD, Daniel Canfield, MD,
Robin Franciscovich, MD, Thomas J.
Hightower, Shelly Duber, MD and Does 1
through 50 inclusive,

Case No.: C06-5502-FDB

**OBJECTION OF THE CUSTODIAN OF
THE RECORDS OF BROADWAY CLINIC,
INC. AND OF PLAINTIFF ANTOINE D.
JOHNSON TO DEFENDANTS GRAYS
HARBOR COMMUNITY HOSPITAL, ET
AL'S  3/26/07 SUBPOENA TO CUSTODIAN
OF THE RECORDS, BROADWAY
CLINIC, INC. PURSUANT TO FRCP
45(c)(2)(B)**

---

    TO:  Sherry H. Rogers, attorney for Defendants Grays Harbor Community Hospital,

Thomas Hightower and Brent Rowe, M.D., and

    TO:  All parties and their attorneys:

    The Custodian of the records of Broadway Clinic and Plaintiff Pro se, Antoine D.

Johnson, give notice to all parties pursuant to FRCP 45(c )(2)(B) that they object to Defendant's

PLTF/OBJ TO 3/26/07 SDT TO BRDWAY          - 1

ANTOINE D. JOHNSON, Pro se
P.O. BOX 149
Aberdeen, WA 98520
Ph. (360)500-9070

Exhibit 8

1   3/26/07 subpoena addressed to Custodian of the Records, Broadway Clinic, Inc to the extent

2   said subpoena requires disclosure of privileged or other protected matter and no exception or

3   waiver applies. Pursuant to FRCP 45(d)(2), a description of the nature of the documents,

4   communications, or things not produced that is sufficient to enable the demanding party to

5   contest the claim can be found in Exhibit "A" attached hereto and incorporated hereat.  By

6   operation of FRCP 45(c)(2)(B), the instant objection prohibits Defendants from inspecting or

7   copying the requested documents except pursuant to an order from the issuing Court compelling

8   production.

9          DATED this 28th day of March, 2007.

10         Respectfully submitted by:

11                                                               Antoine D. Johnson, Pro se

12

13                              **PROOF OF SERVICE**

14

15   I hereby certify that on March 28, 2007, a copy of the following documents:

16         1. Objection of the Custodian of the Records of Broadway Clinic, Inc. and of Plaintiff

17   Antoine D. Johnson to Defendants Grays Harbor Community Hospital, Et Al's 3/26/07

18   Subpoena to Custodian of the Records, Broadway Clinic, Inc. Pursuant to FRCP 45(c)(2)(B)

19         2. Plaintiff's Proof of Service

20         Were served on Defendant Ki Shin, M.D., at the following address by the method

21   indicated: David Corey, Esq; Kingman Peabody Pierson & Fitzharris; 505 Madison Street; Ste

22   300; Seattle, WA  98101. Were served on Defendants Tim Troeh, M.D., Gregory May, M.D.;

23   Daniel Canfield, M.D.; Shelly J Dueber, M.D. and Robin Franciscovich, M.D., at the following

24   address by the method indicated:  Amy T. Forbis, Esq.; Bennett Bigelow & Leedom, P.S.; 1700

25   Seventh Avenue, Suite 1900; Seattle, WA  98101-1397. And, were served on Defendants Grays

26   Harbor Community Hospital Medical Staff, Grays Harbor Community Hospital Governing

27   Board, Grays Harbor Community Hospital, Brent Rowe, M.D., and Thomas Hightower at the

28
PLTF/OBJ TO 3/26/07 SDT TO BRDWAY          - 2              ANTOINE D. JOHNSON, Pro se
                                                                   P.O. BOX 149
                                                               Aberdeen, WA 98520
                                                               Ph. (360)500-9070

1  following address by the method indicated:  Sherry H. Rogers, Esq.; Reed McClure; Attorneys at

2  Law; Two Union Square; 601 Union Street; Suite 1500; Seattle, WA  98101-1363.

3

4  ☒  Regular U.S. Mail

5  ☒  Fax

6  ☐  Legal messenger

7  ☐  Certified Mail (Return Receipt Requested)

8

9  I am over the age of 18 and I am not a party to this action.  I declare under penalty of

10  perjury under the laws of the state of Washington that the foregoing is true and correct.

11  Dated this 28th day of March 2007, at Aberdeen, Washington:

12

13

14

15  LaWanda A. Johnson

16

17

18

19

20

21

22

23

24

25

26

27

28

PLTF/OBJ TO 3/26/07 SDT TO BRDWAY          – 3          ANTOINE D. JOHNSON, Pro se
                                                                    P.O. BOX 149
                                                            Aberdeen, WA 98520
                                                             Ph. (360) 500-9070

## EXHIBIT "A"

IRS RECORDS - Produce for inspection and copying all federal income tax returns for plaintiff individually and for the Broadway Clinic and Johnson Family Practice for the years 2001 through 2006, inclusive.

B&O TAX RECORDS - Produce for inspection and copying all Washington State B & O tax records for plaintiff individually and for the Broadway Clinic and Johnson Family Practice for the years 2001 through 2006, inclusive.

BOOKS OF ACCOUNT - Produce for inspection and copying all books of account for plaintiff individually and for the Broadway Clinic and Johnson Family Practice for the years 2001 through 2006, inclusive.

CALENDARS & SCHEDULES – Produce for inspection and copying all daily calendars and schedules for patient appointments (redacting the last name of each patient for privacy purposes) for plaintiff individually and for the Broadway Clinic and Johnson Family Practice for the years 2001 through 2006, inclusive.

D.E.A. – Produce for inspection and copying all documents, notes, or correspondence related to all inquiries or claims concerning plaintiff made with or through the DEA.

DEPARTMENT OF HEALTH – Produce for inspection and copying all documents, notes, or correspondence related to all inquiries or claims concerning plaintiff made with or through the Washington Department of Health and/or the Health Professionals Quality Assurance Committee, including but not limited to all patient complaints and MQAC investigations.

OFFICE LEASES/TITLES – Produce for inspection and copying all real estate purchase and sales transactions, real estate titles, contracts and leases concerning the locations for the Broadway Clinic offices in Grays Harbor County and Johnson Family Practice offices in Pierce County.

INSURANCE and PAYORS – Produce for inspection and copying all contracts and agreements with each and every medical insurer and or payor, including and not limited to Molina Healthcare, for whom plaintiff served as an approved medical provider

TELEPHONE RECORDS -            Produce for inspection and copying plaintiff's cell phone records for cell phone # 360/500-9070 and every other cell phone plaintiff had in the requested time-frame, and the telephone records for Broadway Clinic and Johnson Family Practice for June, July, and August 2004.

AUTOMOBILE RECORDS – Produce for inspection and copying all logs, billings, and credit card receipts for automobile maintenance and repair and for fuel and oil purchases for the time period August 2003 through and including August 2004.

MEDICAL STAFF APPOINTMENTS AND PRIVILEGES – Produce for inspection and copying all correspondence to and from, as well as applications and related forms, between plaintiff and each and every of the following health care facilities:

Enumclaw Community Hospital, Enumclaw, WA; Mark Reed, McCleary, WA; Providence St. Peter, Olympia, WA; Providence Centralia in Centralia, WA; Willipa Harbor Hospital in Ilwaco, WA; Roger Saux Health Center in Tahola, WA; Shoalwater Bay Tribal Clinic in Tokeland. WA; Pacific EyeCare Network; Mason General Hospital, Shelton, WA; St. Joseph Hospital, Tacoma, WA

MEDICAL DIRECTOR – Produce for inspection and copying all correspondence, notes, and memos dealing with or relating to plaintiff's efforts to become Medical Director at Grays Harbor Long-Term Care, Grays Harbor Health and Rehabilitation, Pacific Care Center, Sunbridge in Montesano, WA, and any other health care facility in which plaintiff sought to become Medical Director

PROVIDER AGREEMENTS -     Produce for inspection and copying any and all contracts, agreements, letters of understanding or other written documents that pertain to having other medical providers – whether physician, physician's assistant, ARNP, or nurse – to provide medical services for patients of the Broadway Clinic and Johnson Family Practice in the time-period November 2001 through and including December 2006..

PATIENT COVERAGE – Produce for inspection and copying any and all contracts, agreements, letters of understanding or other written documents that pertain to having other medical providers - whether physician, physician's assistant, ARNP, or nurse - to provide coverage for plaintiff with plaintiff's patients in Grays Harbor County and Pierce County in the event of absence or unavailability of plaintiff in the time-period November 2001 through and including December 2006.

FIRST CHOICE GRANT – Produce for inspection and copying all correspondence, applications and written documents relating to the 2006 First Choice Health Technology Grant for the Broadway Clinic.

DHHS – Produce for inspection and copying all licenses, permits, and correspondence with the Substance Abuse and Mental Health Services Administration of the U.S Department of Health and Human Services, including and not limited to treatment with Buprenorphine

GRANTS/APPLICATIONS – Produce for inspection and copying all correspondence and applications relating to any and all requests or applications for grants and/or financial assistance or loans by or for plaintiff, the Broadway Clinic, and Johnson Family Practice with any federal or state agency, including and not limited to the State of Washington Minority & Women's Business Enterprises (OMWBE) and Rural Health, and Rural Business Development.



**REED MᶜCLURE**

A T T O R N E Y S   A T   L A W

W W W . R M L A W . C O M

**A PROFESSIONAL SERVICES CORPORATION**
TWO UNION SQUARE
601 UNION STREET, SUITE 1500
SEATTLE, WASHINGTON 98101-1363
FAX: 206/223-0152
206/292-4900

IN REPLY REFER TO OUR FILE NUMBER

063800.000026

WRITER'S DIRECT LINE

(206) 386-7030
srogers@rmlaw.com

April 9, 2007

*TRANSMITTED BY FACSIMILE*

Antoine D. Johnson, M.D.
P.O. Box 149
Aberdeen, WA 98520

Re:    Johnson v Grays Harbor, et al
       Re-Scheduling of Records' Deposition at the Broadway Clinic in Aberdeen

Dear Dr. Johnson:

This is my third attempt to schedule the records' review at the Broadway Clinic, in accordance with the subpoena duces tecum served upon the Custodian of the Records of the Broadway Clinic. On Monday, April 2, you canceled the records' review that was set for April 4 because of a power outage in Aberdeen. On Tuesday, April 3, my paralegal attempted to reschedule the meeting for April 11. Although LaWanda Johnson indicated that April 11 was acceptable and the other parties were notified, another member of your staff called back later in the day to state that April 11 was not convenient, and that you personally would be in contact with all counsel to provide an alternative date or dates.

Almost a week has passed since your office promised you would provide an acceptable date and time to counsel and you have not provided any party with any alternate dates. As you are aware, we have expended considerable time and effort to accommodate your schedule and to coordinate with other counsel.    I need to receive a definite date and time that will not be subject to change.    For this reason, I propose we hold the records' review either the afternoon of Monday, April 16 or the afternoon of Tuesday, April 17 (beginning at 1:00 p.m.) Please let me know as soon as possible which of these dates you prefer.

FILE COPY

153268

Exhibit 9

April 9, 2007
Page 2

Please do not hesitate to contact me if you have any questions concerning this request.   I look
forward to hearing from you in the near future.

Very truly yours,

REED McCLURE

Sherry H. Rogers

Copies via facsimile to:

Amy Forbis, Esq.,
Linda Coleman, Esq.
Bennett Bigelow & Leedom, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101-1397

Rebecca Ringer, Esq.
David Corey, Esq.
Kingman Peabody Fitzharris & Ringer, P.S.
505 Madison, Suite 300
Seattle, WA 98104

153268