UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTOINE D. JOHNSON, M.D.,<br><br>Plaintiff,<br><br>v.<br><br>GRAYS HARBOR COMMUNITY HOSPITAL; Gray Harbor Community Hospital Medical Staff; Grays Harbor Community Hospital Governing Board; Ki Shin, MD; Tim Troeh, MD; Brent Rowe, MD; Gregory May, MD; Daniel Canfield, MD; Robin Francisovich, MD; Thomas J. Hightower; Shelly Duber, MD; and Does 1 through 50 inclusive,<br><br>Defendants. | Case No. C06-5502FDB<br><br>ORDER DENYING MOTION TO REQUEST SPECIAL MASTER TO OVERSEE DISCOVERY; SETTING COMPLIANCE DATE; and PROVIDING FOR RENEWAL OF MOTION FOR SPECIAL MASTER FOR DISCOVERY |

This matter is before the Court on the motion of Defendants Grays Harbor Community Hospital (GHCH), Brent Rowe, MD, and Thomas J. Hightower for appointment of a special master to oversee discovery. Discovery cut-off in this case is established as November 19, 2007, dispositive motions to be filed December 7, 2007, and the trial date is March 17, 2008.

**BACKGROUND AND MOTION**

Plaintiff joined the GHCH medical staff in fall 2001 on a one-year initial appointment to the provisional staff, obtained an active staff two-year appointment in November 2002. In September

ORDER - 1

2004, Plaintiff was suspended form the GHCH Medical Staff for quality of care problems. Plaintiff, representing himself, disputes the reason for his termination, and alleges, among other things, that GHCH did not enforce Medical Staff Bylaws because of Plaintiff's race, Black American.

In requesting appointment of a special master to supervise discovery in this case, Defendants assert that despite efforts to confer and to obtain discovery without court intervention, Plaintiff has been uncooperative and obstructed discovery. [See Decl. of Sherry H. Rogers and attached exhibits.] Defendants contend that a discovery master would help not only to protect Defendants' interests from discovery abuses, but that an impartial and experienced special master could also provide valuable guidance and oversight for the benefit of this *pro se* plaintiff. Defendants propose to divide the costs of a discovery master as follows: two thirds of the costs to be borne by Defendants, and one third the cost to be borne by Plaintiff.

Plaintiff objects to appointment of a special master arguing that all the issues can be addressed effectively and timely by the parties themselves or by an available district judge or magistrate judge of the district. Plaintiff also does not want to incur the costs of a special master and further argues that if one is appointed, as there are twelve parties, the division should be one twelfth to Plaintiff with the remainder to be divided among the defendants.

**DISCUSSION**

Plaintiff alleges nine causes of action in this case, and Defendants may rightfully inquire into the factual basis for the claims against them. Defendants aver that they have responded to Plaintiff's interrogatories and requests for production, while objecting pursuant to RCW 70.41.200 to statutorily protected quality assurance documents and to confidential files on individual physicians. Also Defendants have made documents available to Plaintiff for inspection and copying at a time to be mutually arranged, but Plaintiff has not arranged a time for inspection of documents.

It is recognized that in order to maintain the trial and other action dates, discovery must proceed in an orderly fashion pursuant to the Federal Rules. Contention may defeat cooperation and

ORDER - 2

effective discovery, and this process may be exacerbated when one party is *pro se*. A review of the parties' submissions on this motion reveals a basis for requesting a special master. Plaintiff, however, will be given an opportunity to respond fully to the Defendants' discovery requests before directing the appointment of a special master for discovery. ACCORDINGLY,

IT IS ORDERED:

1. Motion of Defendants Grays Harbor Community Hospital, Brent Rowe, MD, and Thomas Hightower for Appointment of Special Master To Oversee Discovery [Dkt. # 66] is DENIED subject to being renewed should Plaintiff fail to produce the requested discovery in accordance with the Federal Rules of Civil Procedure;

2. Plaintiff shall have until June 12, 2007 to produce the requested discovery; failure to produce the discovery by that date may result the appointment of a special master to oversee discovery.

DATED this 21st day of May, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3