UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTOINE D. JOHNSON, M.D., <br><br> Plaintiff, <br><br> v. <br><br> GRAYS HARBOR COMMUNITY HOSPITAL; GRAYS HARBOR COMMUNITY HOSPITAL MEDICAL STAFF; GRAYS HARBOR COMMUNITY HOSPITAL GOVERNING BOARD; KI SHIN, MD; TIM TROEH, MD; BRENT ROWE, MD; GREGORY MAY, MD; DANIEL CANFIELD, MD; ROBIN FRANCISCOVICH, MD; THOMAS J. HIGHTOWER, MD; SHELLY DUEBER, MD; and DOES 1 through 50 inclusive, <br><br> Defendants. | CASE NO. C06-5502BHS <br><br> ORDER GRANTING DEFENDANTS TIM TROEH, MD; GREGORY MAY, MD; DANIEL CANFIELD, MD; SHELLY J. DUEBER, MD; AND ROBIN FRANCISCOVICH, MD'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM BROADWAY CLINIC, INC. |

This matter comes before the Court on Defendants Tim Troeh, MD; Gregory May, MD; Daniel Canfield, MD; Shelly J. Dueber, MD; and Robin Franciscovich, MD's Motion to Compel Production of Documents from Broadway Clinic, Inc. (Dkt. 153). The Court has considered the pleadings filed in support of and in opposition to the motion and grants the motion for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On August 31, 2006, Plaintiff Antoine Johnson filed suit in federal court seeking declaratory, injunctive and equitable relief, compensatory and punitive damages, and attorneys' fees and costs for (1) racial discrimination, (2) deprivation of rights under 42 U.S.C. § 1983,

ORDER - 1

(3) defamation of character, (4) impairing the obligation of a contract, (5) retaliation, (6) tortious interference, (7) fraud and forgery, and (8) negligence. Dkt. 1 at 10-13.

Dr. Johnson is the president of the Broadway Clinic, Inc. ("the Broadway Clinic"). Dkt. 154 at 2. Dr. Johnson is representing himself in this matter. The Broadway Clinic is not a party to this matter; while the body of Dr. Johnson's complaint identifies the Broadway Clinic as a plaintiff, the Broadway Clinic is not included in the caption of the complaint. *See* Dkt. 1 at 3 ("Plaintiff Broadway Clinic, Inc."); Dkt. 161 at 2 (Plaintiff's "opposition" to the Motion to Compel, acknowledging that the Broadway Clinic is not a party to this matter).

On October 19, 2007, the moving defendants served Dr. Johnson, as the registered agent of the Broadway Clinic, with a subpoena duces tecum and notice of deposition of the Broadway Clinic. Dkt. 154-2. Dr. Johnson, apparently on behalf of the Broadway Clinic, objected to the subpoena duces tecum. Dkt. 154-3.

On October 25, 2007, certain defendants moved to compel production pursuant to the subpoena duces tecum of the Broadway Clinic. Dkt. 153. The moving defendants electronically served Dr. Johnson, as the plaintiff in this matter, with the motion to compel. It appeared that the Broadway Clinic had not been served with a copy of the motion and that Dr. Johnson was not served in his capacity as registered agent of the Broadway Clinic. *See* Dkt. 154 at 2 (certificate of service). As a result, the Court declined to consider the motion to compel (Dkt. 153) until the moving defendants offered evidence that the motion was served on the Broadway Clinic. The moving defendants thereafter filed evidence that the motion was served on Dr. Johnson in his capacity as registered agent for the Broadway Clinic, and the Court renoted the motion for consideration on November 16, 2007. Dkts. 159, 160.

## II. DISCUSSION

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Subpoenas are governed by Federal Rule 45:

ORDER - 2

> (1) Every subpoena shall
>
> * * *
>
> (C) command each person to whom it is directed to attend and give testimony or to produce and permit inspection and copying of designated books, documents or tangible things in the possession, custody or control of that person, or to permit inspection of premises, at a time and place therein specified;

Fed. R. Civ. P. 45(a)(1)(C). Subpoenas should not impose undue burden or expense.

> (c) Protection of Persons Subject to Subpoenas.
>
> (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. *The court on behalf of which the subpoena was issued shall enforce this duty* and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

Fed. R. Civ. P. 45(c)(1) (emphasis added). Information responsive to a subpoena duces tecum may be withheld on a claim of privilege:

> When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Fed. R. Civ. P. 45(d)(2)(A). The party seeking discovery may thereafter move to compel production as follows:

> If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

Fed. R. Civ. P. 45(c)(2)(B). Before moving to compel, parties should make a good faith effort to confer and resolve the dispute themselves. *See* Local Rule CR 37(a)(2); Fed. R. Civ. P. 37(a)(2)(A). Local Rule CR 37 defines a good faith effort to confer as "a face-to-face meeting or a telephonic conference." Local Rule CR 37(a)(2).

Here, it appears that the moving defendants have attempted to confer with Plaintiff. Dkt. 154 at 2. The Broadway Clinic has not appeared or otherwise contested the motion. Pursuant to the local rules of this district, the Court may consider such failure to oppose the motion to be an admission that the motion has merit. *See* Local Rule CR 7(b)(2).

ORDER - 3

**A.     DR. JOHNSON'S OPPOSITION TO THE MOTION**

Dr. Johnson filed an opposition to the motion. Dkt. 161. Pursuant to 28 U.S.C. § 1654, parties may appear personally in federal court or through licensed counsel. Courts have uniformly interpreted 28 U.S.C. § 1654 to prohibit corporations from appearing in federal court other than through a licensed attorney. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993). While Dr. Johnson may, pursuant to 28 U.S.C. § 1654, represent himself in this matter, he may not appear or argue on behalf of the Broadway Clinic. The Court therefore considers Dr. Johnson's legal arguments as made on behalf only of himself and not on behalf of the Broadway Clinic.

Dr. Johnson contends that the discovery sought by subpoena of the Broadway Clinic is barred by an agreement among Plaintiff and the moving parties. Dkt. 161 at 3. The document setting out this agreement, a letter from the moving defendants' counsel, indicates that Dr. Johnson agreed to preserve and produce records for the Broadway Clinic. *See* Dkt.161, Exh. P96 at 8-14. In support of Dr. Johnson's opposition, LaWanda A. Johnson declares that she was present at a meeting among Plaintiff and the moving defendants and that the parties agreed that Plaintiff would not be required to produce salary information for present and former employees of the Broadway Clinic, the identities or records of employees other than providers, or the agreements that providers had with the Broadway Clinic. Dkt. 161 at 22. The moving defendants contend that they did not reach such an agreement with Plaintiff. Dkt. 178 at 2. Dr. Johnson contends that the only discovery responsive to the subpoena of the Broadway Clinic that has not been produced falls within two categories: (1) the salaries of current and former employees and (2) "agreements of ARNP's and PA's who have worked for the clinic." Dkt. 161 at 6.

Former and current employees of the Broadway Clinic are not parties to this action, with the exception of Dr. Johnson, who it appears may be both an employee and the president of the Broadway Clinic. While the salary information of nonparties may not constitute privileged information per se, it is information that should be afforded protection to the extent possible. On the other hand, such information may be relevant to the issue of damages, and Defendants may require this information as part of their defense. The parties should therefore cooperate with one

ORDER - 4

another and with the Broadway Clinic to facilitate exchange of this information in a manner that would provide relevant information to Defendants while protecting the privacy of nonparties. The motion is therefore granted as follows: The Broadway Clinic shall produce the names, positions, and salaries of all former and current employees of the Broadway Clinic. The Broadway Clinic shall redact the names of such employees except as to employees, if any, who are relatives of Plaintiff.

Dr. Johnson's justification for withholding "agreements of ARNP's and PA's who have worked for the clinic" is unclear and therefore unpersuasive. To the extent that this information is responsive to the moving defendants' discovery request, the motion is granted. As to the discovery requests not specifically mentioned above, the motion is granted, and Dr. Johnson shall forthwith produce documents responsive to the moving defendants' discovery requests. The parties are instructed to meet and confer, attempt to resolve discovery and other issues in good faith, and to use conference calls to chambers before filing further discovery motions.

**B.     ATTORNEYS' FEES**

The moving defendants seek to recover attorneys' fees and costs associated with the Motion to Compel and "any additional discovery that may result from the objection and the delay in production by Broadway Clinic, Inc." Dkt. 153 at 2. Unless certain circumstances are present, parties who successfully move to compel are entitled to an award of fees. Fed. R. Civ. P. 37(a)(4)(A). The Court has concerns regarding Plaintiff's knowledge and application of the Federal Rules of Civil Procedure. Dr. Johnson has previously been cautioned that failure to comply with discovery obligations may result in appointment of a special master to oversee discovery. Dkt. 76. Although expenses and attorneys' fees will not be awarded in connection with this motion, Plaintiff is again reminded to work cooperatively in the discovery process and to familiarize himself with discovery rules sufficiently to avoid additional unnecessary discovery disputes and exposure to an award of attorneys' fees.

**C.     SURREPLY**

On November 19, 2007, Plaintiff notified chambers staff of his intent to file a surreply to the Motion to Compel (Dkt. 153). *See* Local Rule CR 7(g)(2) ("That party must notify all parties

ORDER - 5

(by telephone or facsimile) and the assigned judge's chambers (by telephone) as soon after receiving the reply brief as practicable that a surreply will be filed.").

In his surreply, Dr. Johnson asks the Court to strike "Defendants' assertions that Plaintiff is being disingenuous and that there has been no agreement or stipulation between Plaintiff and the moving Defendants" as "conclusory allegations and unsupported speculation." Dkt. 180 at 1-2. As the Court has previously noted, it is unclear whether the Broadway Clinic has failed to produce information responsive to the moving defendants' discovery requests or whether such information exists. The Court therefore declines to strike the moving defendants' contentions regarding this dispute.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendants Tim Troeh, MD; Gregory May, MD; Daniel Canfield, MD; Shelly J. Dueber, MD; and Robin Franciscovich, MD's Motion to Compel Production of Documents from Broadway Clinic, Inc. (Dkt. 153) is **GRANTED** as provided herein.

DATED this 20th day of November, 2007.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 6