UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTOINE D. JOHNSON, M.D., <br><br> Plaintiff, <br><br> v. <br><br> GRAYS HARBOR COMMUNITY HOSPITAL; GRAYS HARBOR COMMUNITY HOSPITAL MEDICAL STAFF; GRAYS HARBOR COMMUNITY HOSPITAL GOVERNING BOARD; KI SHIN, MD; TIM TROEH, MD; BRENT ROWE, MD; GREGORY MAY, MD; DANIEL CANFIELD, MD; ROBIN FRANCISCOVICH, MD; THOMAS J. HIGHTOWER, MD; SHELLY DUEBER, MD; and DOES 1 through 50 inclusive, <br><br> Defendants. | CASE NO. C06-5502BHS <br><br> ORDER GRANTING MOTION TO CONTINUE TRIAL DATE, RENOTING OBJECTION TO PLAINTIFF'S DESIGNATION OF REBUTTAL WITNESSES, GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL, AND DENYING WITHOUT PREJUDICE PLAINTIFF'S OBJECTIONS TO EXPERT REPORTS |

This matter comes before the Court on Defendants Grays Harbor Community Hospital, Dr. Rowe, and Mr. Hightower's ("the Grays Harbor defendants") Motion to Continue Trial Date (Dkt. 170) and Objection to Plaintiff's Designation of Rebuttal Witnesses (Dkt. 176), Plaintiff's Motion to Compel (Dkt. 173), and Plaintiff's objections to expert reports (Dkts. 164, 168). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On August 31, 2006, Plaintiff Antoine Johnson filed suit in federal court seeking declaratory, injunctive and equitable relief, compensatory and punitive damages, and attorneys' fees and costs for (1) racial discrimination, (2) deprivation of rights under 42 U.S.C. § 1983,

ORDER - 1

(3) defamation of character, (4) impairing the obligation of a contract, (5) retaliation, (6) tortious interference, (7) fraud and forgery, and (8) negligence. Dkt. 1 at 10-13. Pending before the Court are Plaintiff's Motion to Compel (Dkt. 173) and objections to expert reports (Dkts. 164, 168); and the Grays Harbor defendants' Motion to Continue Trial Date (Dkt. 170) and Objection to Plaintiff's Designation of Rebuttal Witnesses (Dkt. 176).

## II. DISCUSSION

### A. MOTION TO COMPEL

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Before moving to compel, parties should make a good faith effort to confer and resolve the dispute themselves. *See* Local Rule CR 37(a)(2); Fed. R. Civ. P. 37(a)(2)(A). Local Rule CR 37 defines a good faith effort to confer as "a face-to-face meeting or a telephonic conference." Local Rule CR 37(a)(2). Here, it appears that the parties have attempted to confer. Dkt. 173 at 2.

On September 19, 2007, Dr. Johnson served the Grays Harbor defendants with Plaintiff Antoine D. Johnson's Fifth Request for Production of Documents and Things ("Plaintiff's fifth discovery request"). Plaintiff's fifth discovery request sought two categories of production. First, Plaintiff sought the following:

> Copies of Redacted Delinquent Records Count of all Grays Harbor Community Hospital Staff Physicians for the years 2000-2006. Please refer to Exhibit P32 as an example of what Plaintiff is requesting. Instead of the physicians' names, please use the same physicians' number that is used in other documents when referring to that physician. For instance, if physician ABC is referred to as physician #123 in other documents, then #123 would be used to refer to Physician ABC when redacting the Records Count.

Dkt. 173-2, Exh. P93 at 8. On October 31, 2007, the Grays Harbor defendants responded to Plaintiff's fifth discovery request as follows:

> This request is objected to on several merged grounds. Plaintiff requests extensive, costly and wasteful efforts to produce documents that are not relevant or material to the true issues in this case. On September 3, 2004, Plaintiff was summarily suspended for patient care issues, as reflected in documents GHCH 00541 and GHCH 00538-9. Plaintiff's request, therefore, is an abuse of discovery in an effort to pursue a spurious, non-legitimate issue in this matter.

ORDER - 2

Dkt. 173-2, Exh. P95 at 21. The Grays Harbor defendants contend that the "Delinquent Records Count" Plaintiff seeks does not exist for all Grays Harbor physicians and is not an indication that any sanction took place. Dkt. 189 at 2-3. Responding to this particular request would therefore require review of approximately 200 credential files to identify Grays Harbor physicians whose charting was deemed delinquent by the hospital. *Id.* at 2. The Grays Harbor defendants contest the relevance of other physicians' chart delinquencies but propose to produce the number and ethnic origins, if available, of physicians who received (1) administrative suspensions for delinquent charting in 2003 and 2004 or (2) received a summary suspension for any reason in 2003 and 2004. *Id.* at 4.

The professed purpose of Dr. Johnson's discovery request is to determine whether, assuming Dr. Johnson's 2004 suspension was based on delinquent charting, physicians similarly situated to Dr. Johnson were treated differently. Dkt. 173-2, Exh. P96 at 27. The Grays Harbor defendants' proposed alternative disclosure would likely provide Plaintiff with information regarding physicians who were treated similarly but would not provide Dr. Johnson with evidence of physicians who were treated differently. Therefore, while the Court appreciates concerns regarding the burdensome nature of Dr. Johnson's request, the proposed alternative would not provide Dr. Johnson with the information he seeks. Dr. Johnson's motion is therefore granted, but the parties are instructed to work together to devise a plan for producing the information Dr. Johnson seeks in a manner that would be less burdensome and expensive than Dr. Johnson's proposal.

Plaintiff also sought production of "the criteria and/or guidelines utilized by the Department Chief to make a decision as to who is recommended for appointment/re-appointment to the medical staff." Dkt. 173-2, Exh. P93 at 8. In response, the Grays Harbor defendants referred Dr. Johnson to the Medical Staff Bylaws of Grays Harbor Community Hospital. Dkt. 173-2, Exh. P95 at 21. The Bylaws have already been produced to Plaintiff. Plaintiff's Motion to Compel is therefore denied in this respect.

ORDER - 3

Finally, Dr. Johnson seeks to recover expenses associated with his motion. Dkt. 173. The Court finds that the Grays Harbor defendants were substantially justified and that an award of expenses would be unjust under the circumstances. *See* Fed. R. Civ. P. 37(a)(4)(A). In this respect, the motion is denied.

**B.     OBJECTION TO PLAINTIFF'S REBUTTAL WITNESSES**

The deadline for disclosing expert witnesses in this matter was September 10, 2007. Dkt. 63. The deadline for disclosing rebuttal expert witnesses was October 9, 2007. *Id.* Dr. Johnson did not disclose any expert witnesses in accordance with the September 10, 2007, deadline but did identify rebuttal experts. *See* Dkt. 140 (Disclosure of Rebuttal Experts). The Grays Harbor defendants move to strike Dr. Johnson's rebuttal experts. Dkt. 176. Other defendants in this matter have also moved to strike Dr. Johnson's rebuttal experts, and that motion is noted for consideration on December 14, 2007. Dkt. 200.

The motions practice in this matter has been unnecessarily extensive. In order to avoid duplicative efforts, promote judicial economy, and allow all parties to be heard regarding whether Dr. Johnson's rebuttal experts should be stricken, the Grays Harbor defendants' Objection to Plaintiff's Designation of Rebuttal Witnesses is renoted for consideration on December 14, 2007.

**C.     MOTION TO CONTINUE TRIAL DATE**

Trial in this matter is currently set for March 17, 2008. Dkt. 63. The Grays Harbor defendants seek a continuance of the trial and all pretrial deadlines. Dkt. 170. The other defendants join in the request. Dkts. 174, 175. The Grays Harbor defendants ask that the trial date be continued for at least six months, and up to twelve months. In support of the request, the movants contend that experts have not yet been deposed and that counsel for the Grays Harbor defendants will be in trial in the weeks preceding trial in this matter and will therefore be deprived of an opportunity to prepare.

Trial courts have broad discretion in deciding whether to grant or deny a request for a continuance. *U.S. v. Flynt*, 756 F.2d 1352, 1358 (1985), *amended by* 764 F.2d 675 (9th Cir.

ORDER - 4

1985). In order to afford the parties an opportunity to complete meaningful discovery and to prepare for trial, trial in this matter is hereby rescheduled for October 20, 2008, and the Court will issue a minute order rescheduling pretrial deadlines.

### D. PLAINTIFF'S OBJECTIONS TO EXPERT REPORTS

Plaintiff filed objections to expert reports (Dkts. 164, 168) and has twice been cautioned that requests for relief must be made by motion. On November 21, 2007, Plaintiff filed proposed orders striking expert witness reports filed in this matter, indicating Plaintiff's desire that his objections be treated as motions. *See* Dkts. 187, 188. The objections were not noted, and Defendants have therefore not had a full opportunity to respond.

#### 1. Report of David Knowles, Ph.D

Dr. Johnson objects to the Knowles report on two grounds. First, Dr. Johnson contends that the report is an incomplete statement of opinions to be expressed because Dr. Knowles's opinions may change after Dr. Johnson's deposition. Dkt. 168. The Knowles report is subject to the supplementation requirement of Federal Rule of Civil Procedure 26(a)(2)(C). Dr. Johnson fails to demonstrate that Dr. Knowles has otherwise provided an incomplete statement of his opinions.

Second, Dr. Johnson contends that Dr. Knowles offers merely subjective beliefs and unsupported speculation because his data is unreliable. To the extent that these arguments speak to the persuasiveness of Dr. Knowles's report, such arguments are to be resolved by the trier of fact. To the extent that Dr. Johnson contests Dr. Knowles's qualification as an expert, Dr. Johnson does not persuade the Court that Dr. Knowles is unqualified. The Court recognizes that this issue may become the subject of a motion in limine at a date closer to trial.

#### 2. Reports of William L. Toffler, M.D., Royce A. Morrison, M.D., Darlene Fluaitt, CPCS, William Partin, Tony Yen, M.D., Per Danielsson, M.D., and Donna E. Zulauf, CPCS, CPMSM

Dr. Johnson's contentions regarding these reports speak to their weight and credibility. Dr. Johnson contends that the proffered experts did not consider other possibilities and did not consider all of the relevant evidence. These are issues for the trier of fact. To the extent that Dr.

ORDER - 5

Johnson disputes the proffered testimony of these witnesses, this matter may be the subject of a motion in limine at a date closer to trial.

### 3. James A. Green

Dr. Johnson contends that Mr. Green fails to state any opinions. To the extent that Dr. Johnson is disputing whether Mr. Green's proffered testimony is admissible, this issue may be the subject of a motion in limine at a date closer to trial.

### 4. Cheryl Thomas, CPMSM

Dr. Johnson contends that Ms. Thomas is not qualified to testify as an expert and that she failed to consider all relevant information. Dr. Johnson offers no basis for disputing Ms. Thomas's qualifications. Upon a proper motion, the Court may revisit this matter at a date closer to trial.

## III. ORDER

Therefore, it is hereby

**ORDERED** that the Motion to Continue Trial Date (Dkt. 170) is **GRANTED**, the Objection to Plaintiff's Designation of Rebuttal Witnesses (Dkt. 176) is **RENOTED** for consideration on December 14, 2007, Plaintiff's Motion to Compel (Dkt. 173) is **GRANTED in part** and **DENIED in part** as provided herein, and Plaintiff's objections to expert reports (Dkts. 164, 168) are **DENIED without prejudice.**

DATED this 30th day of November, 2007.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 6