UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTOINE D. JOHNSON, M.D., <br><br> Plaintiff, <br><br> v. <br><br> GRAYS HARBOR COMMUNITY HOSPITAL; GRAYS HARBOR COMMUNITY HOSPITAL MEDICAL STAFF; GRAYS HARBOR COMMUNITY HOSPITAL GOVERNING BOARD; KI SHIN, MD; TIM TROEH, MD; BRENT ROWE, MD; GREGORY MAY, MD; DANIEL CANFIELD, MD; ROBIN FRANCISCOVICH, MD; THOMAS J. HIGHTOWER, MD; SHELLY DUEBER, MD; and DOES 1 through 50 inclusive, <br><br> Defendants. | CASE NO. C06-5502BHS <br><br> ORDER DENYING OBJECTION TO PLAINTIFF'S DESIGNATION OF REBUTTAL WITNESSES, GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE REPORTS AND NON-REBUTTAL TESTIMONY, AND DENYING DR. JOHNSON'S MOTION TO STRIKE |

This matter comes before the Court on Defendants Grays Harbor Community Hospital, Brent Rowe, MD, and Thomas Hightower's ["Grays Harbor Defendants"] Objection to Plaintiff's Designation of Rebuttal Witnesses (Dkt. 176) and Defendants Tim Troeh, MD; Gregory May, MD; Daniel Canfield, MD; Shelly J. Dueber, MD; and Robin Franciscovich, MD's Motion to Strike Reports and Non-Rebuttal Testimony of Plaintiff's Rebuttal Expert Witnesses (Dkt. 200), joined by Dr. Shin (Dkt. 205). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file herein.

ORDER - 1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 31, 2006, Plaintiff Antoine Johnson filed suit in federal court seeking declaratory, injunctive and equitable relief, compensatory and punitive damages, and attorneys' fees and costs for (1) racial discrimination, (2) deprivation of rights under 42 U.S.C. § 1983, (3) defamation of character, (4) impairing the obligation of a contract, (5) retaliation, (6) tortious interference, (7) fraud and forgery, and (8) negligence. Dkt. 1 at 10-13.

The deadline for disclosing expert witnesses in this matter was September 10, 2007. Dkt. 63. The deadline for disclosing rebuttal expert witnesses was October 9, 2007. *Id.* Dr. Johnson did not disclose any expert witnesses in accordance with the September 10, 2007, deadline but did identify rebuttal experts. *See* Dkt. 140 (Disclosure of Rebuttal Experts). Pending before the Court are motions to strike Plaintiff's designation of rebuttal experts and Plaintiff's rebuttal expert reports. Defendants also seek to limit the testimony of Plaintiff's experts to rebuttal testimony and to prohibit Plaintiff's experts from testifying during his case-in-chief. Dkts. 176, 200, 205.

## II. DISCUSSION

Federal Rule of Civil Procedure 37(c)(1) gives "teeth" to the disclosure requirements of Rule 26(a) by forbidding use at trial of any information not properly disclosed. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The Ninth Circuit gives "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." *Id.* To determine whether sanctions are appropriate, the Ninth Circuit considers the following: 1) the public interest in an expeditious resolution of the litigation; 2) the court's need to manage its docket; 3) the risk of prejudice; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less severe sanctions. *Wendt v. Host Intern., Inc.*, 125 F.3d 806, 814 (9th Cir. 1997).

**A.   THE GRAYS HARBOR DEFENDANTS' OBJECTION TO PLAINTIFF'S DESIGNATION OF REBUTTAL WITNESSES**

The Grays Harbor Defendants ask the Court to strike Plaintiff's designation of rebuttal experts. Dkt. 176-2. Plaintiff's rebuttal experts were timely disclosed, and the Court will not exclude Plaintiff's rebuttal experts from testifying solely because Plaintiff designated only rebuttal experts. The Grays Harbor Defendants' motion (Dkt. 176) is therefore denied.

**B.   LIMITATION OF PLAINTIFF'S EXPERT TESTIMONY TO PURE REBUTTAL**

Defendants also seek to limit Plaintiff's experts' testimony to contradiction and rebuttal of evidence on the same subject matter identified by Defendants' experts. Dkts. 200, 205. This request is more appropriately presented as a motion in limine. There are six months remaining in the discovery period, and motions in limine should be reserved for a period closer to trial. Defendants' request to limit Plaintiff's rebuttal expert testimony solely to rebuttal would not benefit from additional discovery, however, and is therefore not premature.

By virtue of Plaintiff's designation of his experts purely as rebuttal experts, Plaintiff has limited his experts to rebuttal testimony. In this respect, the motion is granted. Plaintiff's experts may offer testimony "intended solely to contradict or rebut evidence on the same subject matter identified" in the expert report of another party. *See* Fed. R. Civ. P. 26(a)(2)(C)(ii).

It is not yet clear to the Court whether Plaintiff's rebuttal experts are prepared to so limit their testimony. One of Plaintiff's proffered rebuttal expert witnesses, Dr. Sessoms, does not state in her report that she reviewed any of reports from Defendants' experts. *See* Dkt. 151, Exh. P 91 at 3. Similarly, Plaintiff's other proffered rebuttal expert witness, Mr. Roney, does not identify any of Defendants' expert witness reports as documents he reviewed. *See* Dkt. 151, Exh. P92 at 18. The Court notes, however, that Dr. Johnson was billed for Mr. Roney's review of the Knowles report, indicating that Mr. Roney did

ORDER - 3

review at least one expert report. *See id.* at 21.[1] Perhaps more importantly, neither of the proffered rebuttal expert witnesses identifies Defendants' experts' opinions, casting doubt on whether Plaintiff genuinely intends to offer these witnesses solely to rebut or contradict the testimony of Defendants' experts. In any event, Plaintiff is cautioned that his experts will be permitted only to offer rebuttal testimony at trial. In this respect, the Motion to Strike Reports and Non-Rebuttal Testimony of Plaintiff's Rebuttal Expert Witnesses (Dkt. 200), joined by Dr. Shin (Dkt. 205), is granted.

**C.     TESTIMONY OF REBUTTAL WITNESSES DURING CASE-IN-CHIEF**

Certain defendants also ask the Court to prohibit Plaintiff's experts from testifying during Plaintiff's case-in-chief. Dkt. 200. Courts differ in allowing rebuttal experts to testify during a case-in-chief. *See Bowers v. Northern Telecom, Inc.*, 905 F. Supp. 1004, 1008 (N.D.Fla. 1995) ("Merely because the parties labeled this evidence 'rebuttal' during the discovery process does not preclude Plaintiffs from using it in their case-in-chief at trial. Indeed, Plaintiffs may call [Defendant's] own witnesses during their case-in-chief if they so desire."); *Bowman v. General Motors Corp.*, 427 F. Supp. 234, 241 (D.C. Pa. 1977) ("there is unanimous agreement that on rebuttal it is properly within the discretion of the trial judge to limit testimony to that which is precisely directed to rebutting new matter or new theories presented by the defendant's case-in-chief"). Until and unless Defendants' experts testify, Plaintiff's experts will be unable, as a practical matter, to offer true "rebuttal" testimony. Therefore, Plaintiff's rebuttal experts will be allowed to testify at trial only *after* Defendants' experts have testified. In this respect, the Motion to

---

[1] In support of his surreply, Dr. Johnson offers declarations from Dr. Sessoms and Mr. Roney clarifying that Plaintiff's rebuttal experts reviewed the reports of Defendants' experts before drafting their reports. Dkt. 213-2, Exh. A; Dkt. 213-3, Exh. B. This evidence, offered for the first time in a surreply, is not properly before the Court. *See See U.S. v. 191.07 Acres of Land*, 482 F.3d 1132, 1137 n.2 (9th Cir. 2007) (declining to consider arguments and evidence raised for the first time in a reply). Dr. Johnson offers no explanation for his failure to offer this evidence in response to the pending motions. In addition, Dr. Johnson's surreply, by offering substantive argument and evidence in opposition to points raised in the motions, stretches the meaning and circumvents the purpose of Local Rule CR 7(g). Plaintiff is cautioned that a surreply filed under Local Rule CR 7(g) is not merely an opportunity to provide the Court with further briefing and evidence and should, for the most part, be limited to motions to strike material *on evidentiary grounds*.

ORDER - 4

Strike Reports and Non-Rebuttal Testimony of Plaintiff's Rebuttal Expert Witnesses (Dkt. 200), joined by Dr. Shin (Dkt. 205), is granted.

### D.  MOTION TO STRIKE EXPERT REPORTS

Certain defendants seek to strike Plaintiff's rebuttal expert reports. Dkt. 200. Defendants fail to identify which portions of Plaintiff's reports do more than rebut Defendants' expert reports. The Court therefore declines to strike Plaintiff's expert reports. In this respect, the Motion to Strike Reports (Dkts. 200, 205) is denied without prejudice.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendants Grays Harbor Community Hospital, Brent Rowe, MD, and Thomas Hightower's ["Grays Harbor Defendants"] Objection to Plaintiff's Designation of Rebuttal Witnesses (Dkt. 176) is **DENIED**; Defendants Tim Troeh, MD; Gregory May, MD; Daniel Canfield, MD; Shelly J. Dueber, MD; and Robin Franciscovich, MD's Motion to Strike Reports and Non-Rebuttal Testimony of Plaintiff's Rebuttal Expert Witnesses (Dkt. 200), joined by Dr. Shin (Dkt. 205), is **GRANTED** as to the request that Plaintiff's rebuttal experts be permitted to offer only rebuttal testimony and **DENIED without prejudice** as to the request that Plaintiff's rebuttal expert reports be stricken; and, Dr. Johnson's motion to strike (Dkt. 213) is **DENIED**.

DATED this 18th day of December, 2007.

BENJAMIN H. SETTLE
United States District Judge