UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTOINE D. JOHNSON, M.D., | |
| Plaintiff, | CASE NO. C06-5502BHS |
| v. | ORDER GRANTING PLAINTIFF'S MOTION TO CONTINUE AND RENOTING SECOND MOTION FOR SUMMARY JUDGMENT |
| GRAYS HARBOR COMMUNITY HOSPITAL; GRAYS HARBOR COMMUNITY HOSPITAL MEDICAL STAFF; GRAYS HARBOR COMMUNITY HOSPITAL GOVERNING BOARD; KI SHIN, MD; TIM TROEH, MD; BRENT ROWE, MD; GREGORY MAY, MD; DANIEL CANFIELD, MD; ROBIN FRANCISCOVICH, MD; THOMAS J. HIGHTOWER, MD; SHELLY DUEBER, MD; and DOES 1 through 50 inclusive, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's Motion to Continue the Hearing in Defendant Shin's Second Motion for Summary Judgment (Dkt. 216). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On August 31, 2006, Plaintiff Antoine Johnson filed suit in federal court alleging several state and federal claims. Dkt. 1 at 10-13. On October 17, 2007, the Court granted

ORDER - 1

in part and denied in part Dr. Shin's first motion for summary judgment. Dkt. 146. Specifically, the Court granted the motion as to Plaintiff's third, fourth, fifth, sixth, seventh, and eighth causes of action and as to blacklisting. Dkt. 146 at 20. The Court denied the motion without prejudice as to Plaintiff's second and ninth causes of action. *Id.* Dr. Shin has moved for summary judgment on Plaintiff's remaining claims, and that motion is currently pending before the Court. Dkt. 207.

On November 30, 2007, the Court granted in part Dr. Johnson's motion to compel and ordered the parties to work together to facilitate production of the number and ethnic origins, if available, of physicians who received (1) administrative suspensions for delinquent charting in 2003 and 2004 or (2) received a summary suspension for any reason in 2003 and 2004. Dkt. 203 at 3. Dr. Johnson seeks an extension of time to respond to Dr. Shin's second motion for summary judgment because he received this information on January 7, 2008, and was therefore not able to incorporate this information into his response. Dkt. 216

Dr. Shin opposes Dr. Johnson's request for an additional sixty days to respond and contends that the recently-produced discovery is insufficient to withstand summary judgment, but Dr. Shin admits that a shorter continuance may be warranted. Dkt. 220 at 3.

## II. DISCUSSION

Federal Rule of Civil Procedure 56(f) allows the Court to deny or continue a motion for summary judgment if the defending party establishes that it is unable to properly defend against the motion. Fed. R. Civ. P. 56(f). The party seeking such a continuance must make (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists. *Emplrs. Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129-1130 (9th Cir. 2004). The Court may deny the request unless the party opposing summary judgment articulates how additional discovery may preclude summary judgment and demonstrates diligence in pursuing discovery thus far.

ORDER - 2

*Qualls v. Blue Cross of California, Inc.*, 22 F.3d 839, 844 (9th Cir. 1994). The burden is on the nonmoving party to establish that proceeding with additional discovery would produce evidence sufficient to defeat summary judgment and that the evidence it seeks is in existence. *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001).

Dr. Johnson seeks additional time to respond to the motion because he only recently received discovery regarding the delinquent charting and summary suspensions of other physicians at Grays Harbor. Dkt. 216 at 3. Dr. Johnson seeks an additional sixty days to respond.

While Dr. Johnson should be afforded time to supplement his response and incorporate items recently received in discovery, a sixty-day continuance would be excessive. Dr. Johnson has already had two weeks to review the discovery and may supplement his response on or before February 11, 2008, and Dr. Shin may supplement his reply on or before February 15, 2008.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion to Continue the Hearing in Defendant Shin's Second Motion for Summary Judgment (Dkt. 216) is **GRANTED in part** and **DENIED in part** as follows: (1) Dr. Johnson may supplement his response on or before February 11, 2008, (2) Dr. Shin may supplement his reply on or before February 15, 2008, and (3) Defendant Shin's Second Motion for Summary Judgment (Dkt. 207) is **RENOTED** for consideration on February 15, 2008.

DATED this 31st day of January, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3